# EXHIBIT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MORSE DIESEL, )
Plaintiff, )
) Case No.: 99-279C
v. )
UNITED STATES, )
Defendant. )

Thursday,
April 5, 2007

Live Tape

(The following transcript was transcribed from a digital recording provided by United States Court of Federal Claims to Heritage Reporting Corporation on April 5, 2007.)

APPEARANCES:

For the Plaintiff:
JAMES WAREHAM, Esquire
KIRBY BEHRE, Esquire
Paul Hastings Jenosky and Walker

For the Defedant:
DOMENIQUE KIRCHNER, Esquire
TRACY HILMER
U.S. Department of Justice

Also Present:
KATHERINE CROWE
General Services Administration

MR. BEHRE: We have already agreed to that, so that's not a problem.

THE COURT: All right. So I'll set up a briefing schedule based on the March 30th date, and I'll indicate that I'm inviting a response by the Plaintiffs, if they wish, to the motion to reconsider and the motion to clarify whenever we all get it, and then set that up.

I'm just trying to look to see when this could be ready for a hearing if we do have to have a hearing. Your briefing is not going to be totally done then until some time in May, and I could probably work with you in June, but I've got two trials in July and two weeks in August in a different trial. So if it's not done in June, the next time I'm going to have is September.

MR. BEHRE: Your Honor, was it the Court's intention to permit pre-evidentiary hearing discovery or would this --

THE COURT: That's why I asked the question. I don't know what -- you know, I have not been involved with your discovery issues. I got this case, I guess, after -- I don't know what in discovery, and certainly not since it's been assigned to me, so I have no idea what anybody has done.

MS. KIRCHNER: Your Honor, as I laid out before, the government provided during the discovery period a report on damages done by the auditor, John Walsh.

THE COURT: Yes.

MS. KIRCHNER: And Mr. Walsh was already deposed on his report on damages.

THE COURT: Right, but how many law firms deposed him, but he's got new counsel. I think under the circumstances and given the amount of time that's gone past if they certainly wanted to depose him again, I would not oppose that.

MS. KIRCHNER: Your Honor, what I was proposing --

THE COURT: I think that's fair.

MS. KIRCHNER: -- is wait and see what we file in our brief on damages --

THE COURT: All right.

MS. KIRCHNER: -- and they will understand what the scope is and what the government is asking for based on the Court's opinion and --

THE COURT: Well, see, this is the issue. If I set down a briefing schedule, it's going to be hard for them to do a deposition in the middle of doing briefing and response to you.

MS. KIRCHNER: Well, Your Honor, I think they can certainly wait for Mr. Walsh's report. I think it's really going to be a matter of calculations.

THE COURT: Well, they have his report, you said.

MS. KIRCHNER: Well, yes. That's true, they did, but the report includes other items that the Court has not addressed in its opinion, so we're going to take that out, so it's a matter of subtracting things and coming up with the number that the government is asking for.

THE COURT: All right.

MS. KIRCHNER: It's not going to be a change in the analysis. It's going to be a change --

THE COURT: Well, wouldn't it be better for you to do that first and then do your briefs?

MS. KIRCHNER: Well, certainly we will. We will. It will be done before March 30th, and we'll file our brief on March 30th.

MR. BEHRE: That would mean then that the discovery regarding that individual would need to take place before the 30th.

MS. KIRCHNER: Well, Your Honor, I guess I really don't understand why you would need to take a

deposition of another computation that's just reformulated and you are minusing out items. We have an extensive damage report that was done, and what we're going to do is minus out items that have to do with subcontractors, have to do with door frames, and just put in the damages that correspond with the Court's rulings.

I think the Plaintiff could wait and see whether they really want to take a deposition and burn up money on arithmetic.

MR. BEHRE: Well, presumably, Your Honor, it's more than just arithmetic because this individual is being proffered as some sort of an expert.

THE COURT: He's the guy from GSA? He's the auditor?

MS. KIRCHNER: He's the auditor from the OIG GSA.

THE COURT: Oh, yes, okay.

MS. KIRCHNER: I think really in the end, Your Honor, it's a legal question for the Court, and you can look at the affidavit that Ms. Brenner put in. That's full of computations.

THE COURT: Right, right. But here's my point. One can make a value judgment about prior counsel for the Plaintiff. Certainly I have made a

value judgment. I could well understand why Mr. Wareham and his team may not necessarily want to rely on the deposition done by one of their predecessor firms.

MS. KIRCHNER: Well, Your Honor, we will prepare the computation.

THE COURT: You see my point in fairness, in fairness. I mean, I am not one for allowing people to flail around here, but I certainly would allow them to do his deposition. That is a minimum under the circumstances.

MS. KIRCHNER: Your Honor.

THE COURT: I mean, look, with all due respect, whoever represented them in the criminal proceeding should have gotten this whole things wrapped up at one time before they did the plea. The way they've done --

MS. KIRCHNER: In light of what you have stated, we will prepare --

THE COURT: It's not your fault. The Plaintiff's counsel, you know, made a very risky decision to allow the Plaintiffs to plea knowing that not only that this lawsuit was here and then subsequently having all these little lawsuits filed all over the place.

MS. KIRCHNER: Your Honor, we will make him available for deposition.

THE COURT: Yes, I know you will. That's the right thing to do under the circumstances.

Well, I'm going to go ahead and set an order and I'll do this. I would give the government an additional 30 days. Under the rules you get, what, 30 days to respond or whatever it is. I would give you an additional 30 days to respond or 60 days in which you could take depositions if you need to, and they would be limited basically to whatever experts we have or whatever is going to be proffered as an expert.

I have not seen this gentleman's report, or if it's in the file, I don't remember if we got it.

MS. KIRCHNER: Your Honor, then could we have a statement from the Plaintiff's counsel of who they have -- I mean, I was assuming that they would rely on Ronnie Brenner's affidavit. Perhaps they intend to offer something different on damages. I would really like to keep this as short and clean and sweet as we can.

MR. BEHRE: As far as I can tell over the last four or five years has never had any affirmative discovery in this case. So for the government to be saying enough is enough in discovery is a little bit

ironic because they have succeeded in turning this case on its head, and they've gotten all the discovery. AMEC has gotten none.

THE COURT: Well, that may be their fault too.

MS. KIRCHNER: Your Honor.

THE COURT: Look, you weren't running the lawsuit then. We've had, what, four law firms in and out of this case.

MS. KIRCHNER: Your Honor, what we're asking for is only supplementation of material changes. If there has been a material change in the answers to the discovery, to the interrogatories, then we want to know what the substantive differences are. If there is no material changes, they can tell us there are no material changes.

THE COURT: Well, I think what you need to do is use the month of March to try to get yourself lined up about what you need and what you don't need by way of -- and file whatever papers -- if you can't get them to do it informally, file something. But I'm going to tell you right now I'm going to make them respond in the financial stuff. I've been worried about this for quite some time.

MS. KIRCHNER: So Your Honor, just to