# EXHIBIT 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

--------------------x

MORSE DIESEL INTERNATIONAL, INC., d/b/a
AMEC CONSTRUCTION MANAGEMENT, INC.,

99-279C

Plaintiff, 99-529C

00-530C

-against- 00-531C

00-1537C

UNITED STATES, (Judge Braden)

Defendant.

--------------------x

May 4, 2007

10:26 a.m.

Videotaped deposition of JOHN F. WALSH, taken by attorneys for Plaintiff, pursuant to notice, held at the offices of United States Department of Justice, 1100 L Street N.W., Washington, D.C., before Helen Mitchell, a Shorthand Reporter and Notary Public.

(Walsh)
are in this exhibit?
A Yes, there were other e-mails than are in this exhibit.
Q And have you searched for these that are in Exhibit 10, or any others, that relate to these issues, including the draft of the report which is the February '07 report, which I think is Exhibit 8?
A Yes.
Q And what was the result of your search?
A I found one possible e-mail that might have been related to Exhibit 8, and there were no other e-mails in my e-mail system.
Q And I actually misspoke, I think. The 2007 report, that's the subject of this testimony, was actually Exhibit 7.
A Okay.
Q So is your answer the same except for Exhibit 7?
A The e-mail may have a -- did not relate to Exhibit 7. It may have related to Exhibit 8, the one e-mail that I found. That was in archives.

(Walsh)

Q Okay. But just so we're clear, your e-mails from February of this year are already archived?

A Our -- many of them are deleted, so I will not save -- I get so many e-mails, that it's unmanageable to -- for me to save e-mails, and I'll delete e-mails that are unimportant soon after sending them or receiving them.

Q But is it your policy with regard to a pending case, where you -- as you put it, you're serving as an expert, you delete the e-mails between you and the parties who sought your assistance?

A I -- if they were unimportant. I didn't look at those e-mails in relation to being an expert witness, I just looked at them as to whether they were important for me to retain. And they were not -- in my opinion, they weren't of importance, so I deleted them.

Q Did you receive any instructions from counsel or from anyone in your office about retaining e-mails, electronic documents, hard copy documents, during the pendency of a court

(Walsh)

case?

A Not that I can recall.

Q So at the present time, as best you understand it, you're under no obligation to retain records, documents, e-mails, electronic documents or the like relating to this entire matter?

A Any documents I could not -- we have files and files that I realized all those files have to be maintained, but as far as e-mails go, it's my understanding that that -- I've not been given an instruction to retain any e-mail messages.

Q What about other electronic records, spreadsheets, Word documents and the like?

A I would have to maintain any documents that I -- any spreadsheets I created, any documents that I created for use in the case. I wouldn't keep drafts of those documents, it becomes a problem with whether I'm working with the most current version or not. So when I create a document, I will either save the new document over the top of the old

(Walsh)

document, or, if there was a separate file, I would delete that file, but my most common practice would be just to save whatever changes I made over the current document that is on file.

Q Do you recall when the last time you believe you deleted any electronic data relating to this case, whether it's with regard to your testimony here today or anything relating to the case, be it your audits, your reports, et cetera?

A I would say it would be the most current date of the e-mails that are in this packet. It's possible there was an e-mail after what may be in this packet, I'm not sure, but I don't recall the last date.

Q Can you give us some idea of the quantity of e-mails that have been deleted that are relevant to this case?

A It would be -- I'm not sure.

Q Would it be more than 20?

A I'm just not sure.

Q Take a look through Exhibit 10, and determine how many of these e-mails you

(Walsh)

believe you sent or received.

(Pause)

A It looks like I sent nine, and I received one.

Q And do you know whether or not you have copies of these e-mails, the total of ten, at your computer?

A I do not. I know that I do not have copies of them.

Q And how is it you know that?

A I did a search, at Domenique's request, for any e-mails that I had related.

Q And how many did you come up with?

A I didn't come up with any related to these reports.

Q Did you find some that related to the case?

A Yes, I believe there were some other e-mails that were otherwise related to the case.

Q And were they in the current time frame; that is, 2007, or some much earlier time?

A There were definitely some from the much earlier time. I can't remember if

(Walsh)

there were any current.

Q But it's your testimony here today that you're under no instruction to retain, not delete, and not to otherwise save and safeguard electronic documents relating to the case; is that correct?

MS. KIRCHNER: Objection, ambiguous.

A I would say that's my understanding, that's correct.

Q Looking at Exhibit 10, the first e-mail that you sent, it looks like the pages are numbered in the right-hand corner with -- by hand, I believe by the government. There's a number one in the lower right-hand corner. Notwithstanding that fact, it's the second page of the exhibit.

A Yes.

Q You indicate in your note that "There are certain items that are not included and we are not claiming" -- the government is not claiming -- "in order to expedite the process."

Can you tell me what you mean by

(Walsh)

the term "in order to expedite the process"?

A That actually isn't -- is trying to describe how we might want to word this in the document, not as a cause for -- the subject is more suggesting a type of wording.

Q But what is the process you're talking about expediting?

A The process of -- the whole process of computing harm by limiting it to the items that were included in the judge's decision.

Q And why would you want to limit your discussion of harm to those issues raised in the government's decision -- or the court's decision?

A Counsel wanted me to do that. I wanted to mention that there was more harm than was in the judge's decision.

Q Okay. So that first e-mail we looked at was sent at 3:34 p.m. by you, and then about an hour and four minutes later, if you look at the bottom, it's cut off a little bit, but it looks like it's a handwritten seven --

A Yes.