# EXHIBIT 2

Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
telephone 202-551-1700 • facsimile 202-551-1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(202) 551-1719
kirbybehre@paulhastings.com

July 16, 2007

37903.00011

Domenique Kirchner, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W.; 8th Floor
Washington, D.C. 20530

Re: AMEC Construction Management, Inc.,
f/k/a *Morse Diesel International, Inc. v United States*, Case No. 99-279

Dear Domenique:

We are writing to respond to the letter you sent last week indicating your refusal to produce John Walsh for the noticed deposition on July 27, 2007. In that letter, you cite Rule 30(a)(2)(B) as requiring ACMI to first obtain leave of the Court before redeposing Mr. Walsh. Rule 30(a)(2)(B) is inapplicable here as ACMI is not seeking to redepose Mr. Walsh, but instead to complete the deposition begun on May 4, 2007.

On June 12, 2007, the Government submitted an errata sheet to the May 4, 2007 deposition in which Mr. Walsh attempted to make substantive changes to his deposition testimony. If such changes are made, "this has the effect of making the examination uncompleted, and the parties ordinarily may then examine the witness further in light of the new answers." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2118. *See also Reilly v TXU Corp.*, 230 F.R.D. 486, 491 (N.D. Tex. 2005) (reopening deposition after deponent submitted errata sheet); *United States v Piqua Engineering*, 152 F.R.D. 565, 567 (S.D. Oh. 1993) (ordering that depositions be reopened with costs and fees paid by the party whose witnesses submitted the changed testimony); *Lugtig v Thomas*, 89 F.R.D. 639, 642 (N.D. Ill. 1981) (declaring that the deposition was incomplete after the deponent attempted to change his testimony); *Erstad v Curtis Bay Towing Co. v A/S J. Ludwig Mowinckels Rederi*, 28 F.R.D. 583, 584 (D. Md. 1961) (holding that, after changes in deposition testimony are made, "[c]ounsel have the right to inquire, of record and under oath, as to the reasons for any change, and whether such changes originated with the deponent or with the attorney"); *Turchan v Bailey Meter Co.* 21 F.R.D. 232, 233 (D. Del. 1957) ("Such examination should not be considered finished if a witness seeks to recant his testimony . . . ." (internal quotations omitted)); *Colin v Thompson*, 16 F.R.D. 194 (W.D. Miss. 1954) (holding that because changed deposition testimony prevented deposition from being finalized, "defendant would therefore be entitled to further examine the plaintiff on those matter" with plaintiff paying the costs of that further reexamination).

Paul Hastings



Thus, Mr. Walsh's deposition is incomplete and ACMI has the right to further examine him regarding the issue to which he has changed his testimony.

As your letter provides no purported basis for objection other than Rule 30(a)(2)(B), please be advised that if the Government chooses not to produce Mr. Walsh in order to finalize the May 4, 2007 testimony, ACMI will file a motion to compel and will seek reimbursement from the Government for both the costs associated with that motion and the costs stemming from the further examination necessitated by Mr. Walsh's change in testimony.

We look forward to hearing from you soon regarding whether you intend to produce Mr. Walsh for the scheduled deposition. If you have definitively determined that you will not do so, please confirm in writing so that we can proceed with filing a motion and that our communications will constitute satisfaction of Rule 37(a)(2)(B) of the Rules of the Court of Federal Claims.

Sincerely,

Kirby D. Behre
*of* PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_E # 75789176.2