# EXHIBIT 3

**U.S. Department of Justice**

Civil Division

MFH:JED:DKirchner

Telephone: (202) 307-1111
Fax: (202) 514-8624

*Washington, D.C. 20530*

July 17, 2007

Kirby Behre
Paul, Hastings, Janofsky & Walker LLP
875 15th Street N.W.
Washington, D.C. 20005
Tele: (202) 551-1779
Fax: (202) 551-0119
By facsimile transmission and regular mail

Re: Morse Diesel v. United States, Fed. Cl. 99-279 and consolidated cases

Dear Mr. Behre:

With regard to my letter dated July 10, 2007, regarding plaintiff's notice of deposition for John Walsh for July 27, 2007, and your response dated July 16, 2007, Mr. Walsh is not available for a deposition on July 27, 2007, because he is on leave and has prior personal commitments. Thus, if another deposition is allowed, it will need to be rescheduled for a latter date.

The cases you cite do not address Rule 30(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC"), which applies by its terms since Mr. Walsh "already has been deposed in the case." Federal Rule Civil Procedure ("FRCP") 30(a)(2)(B) contains the same language, which was added in the 1993 amendment of the rule. Consequently, district court cases decided prior to the 1993 amendment or which involve the prior version of the rules are not pertinent. Further, both RCFC 30(a)(2)(B) and the FRCP 30(a)(2)(B) require either a written stipulation of the parties or a Court order granting leave to depose a person who "already has been deposed in the case."

Further, as there is no necessity for the reopening of Mr. Walsh's deposition, the reopening of his deposition would result in undue burden and expense to defendant, which are addressed in RCFC 26 (b)(2). Mr. Walsh's testimony is not relevant to the Court's resolution of our motion for summary judgment on damages. In addition, plaintiff has not met the requirements for discovery provided in RCFC 56(f). A reopening of Mr. Walsh's deposition so that plaintiff may inquire as to Mr. Walsh's correction of his answer to your objectionable question -- to which I timely objected -- at page 106 of the deposition transcript is not necessary in order for plaintiff to respond to our motion for summary judgment on damages. Accordingly, reopening of his deposition is improper for several reasons.

As noted, if the deposition is allowed, it will need to be rescheduled for a latter date when Mr. Walsh and I are available.

Very truly yours,

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch