# EXHIBIT 7

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Case No. 99-279 and consolidated cases (Judge Braden) |

**REQUEST FOR PRODUCTION OF DOCUMENTS TO THE UNITED STATES**

Pursuant to the provisions of Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff, AMEC Construction Management, Inc. ("ACMI"), hereby requests that The United States (the "Government") produce copies of the following documents within thirty (30) days of the date of service herewith, July 23, 2007, at the offices of Paul, Hastings, Janofsky & Walker LLP, 875 15th Street, N.W., Washington, DC 20005.

## I. DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to these requests:

1. In answering these requests for production, please furnish all documents available to you, including documents in your own possession, custody or control as well as documents in the possession, custody or control of any person acting on your behalf, and not merely such documents as are known of your own personal knowledge. DO NOT DESTROY OR DISCARD ANY DOCUMENT CALLED FOR IN DISCOVERY OR RELATED TO THIS LITIGATION. If you cannot produce any of the documents requested, so state and produce the documents as fully as possible, stating whatever information or knowledge you have concerning the documents not produced.

2. Pursuant to these requests for production of documents, the Government has a continuing obligation to update his responses with any information and documents discovered after the original date set for responses, and to correct any response as required. Such supplementary responses are to be served upon Defendants within ten (10) days after receipt of such additional documents.

3. As used herein, the term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and a document request for "communications" includes correspondence, telexes, facsimile transmissions, telecopies, electronic mail, all attachments and enclosures thereto, recordings in any medium of oral communications, telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

4. As used herein, "Defendant" or the "Government" shall mean the United States Government, and its employees and agents.

5. As used herein, the word "document" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure and the RCFC, and includes any original (or any carbon or photographic copies of any such material if you do not have custody or control of the original) and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise), of any handwritten, typewritten, printed, recorded, electronic, transcribed, photocopied, photostated, "telexed", filmed, microfilmed, microfiched, or otherwise recorded matter, however produced or reproduced, which is in your possession, custody, or control, including, but not limited to, drafts, letters, correspondence, memoranda, drawings, graphs, charts, photographs, diaries, calendars, appointment books, telegrams, telexes, cables, electronic mail, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, surveys, analyses, studies, ledgers, journals and other formal or informal books of record or account, bulletins, catalogues, brochures, pamphlets, announcements, manuals, books, instructions, agreements, legal documents, film, recordings, voice recordings, audiotapes, videotapes, film, transcripts, notebooks and writings of every description, marginal notations, working papers, time sheets, spreadsheets, logs, expense reports, message slips, cancelled checks, receipts, data printouts, data compilations, and any other items of any kind or nature, using any digital or analog recording medium or instrumentality, including computers, laptops, PDAs, hard drives, floppy disks, CDs, DVDs, memory sticks or cards, flash drives, pen or thumb drives, portable scanners or copiers, cell phones, SIM cards, digital cameras, or any other digital or analog recording device from which information can be obtained or translated into usable form.

6. "Litigation" means the above-captioned case, Case No. 99-279 and consolidated cases that involve the St. Louis Courthouse Phase I contract, the St. Louis Courthouse Phase II contract, the Sacramento Courthouse contract, and the San Francisco Customs House contract.

7. "Person" means any natural person, any business entity (whether partnership, association, cooperative, or corporation), and any governmental entity or department, agency, bureau, or political subdivision thereof.

8. The phrases "relate" and "relating to" shall be construed to include "refer", "summarize", "reflect", "contain", "mention", "show", "discuss", "describe", "undermine", "contradict", or "comment upon".

9. The terms "you" and "your" shall mean the Government, any individual or entity acting on behalf of the Government, and any representatives, agents or assigns of the Government.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. All references to the singular include the plural, and all references to the plural include the singular.

12. All references to the masculine gender include the feminine and neuter genders and all references to the feminine gender include the masculine and neuter genders.

13. Except when express reference is made to another paragraph, each paragraph herein shall be construed independently and not by reference to any other paragraph herein for purposes of limitation.

14. If you object to any request for production or any part thereof on the basis of any privilege, identify the privilege claimed, each statement or communication for which such privilege is claimed and the basis on which the privilege is claimed, together with the following information with respect to each such statement or communication: (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; (e) the circumstances of its origin; (f) the circumstances of the document's disposition, including the identity of all persons whom you believe have or may have seen it or become acquainted with its contents; and (g) the basis on which the privilege is claimed.

15. If any requested document was, but no longer is, in your possession, custody or control, or if any document was, but no longer is, in existence, please state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred to another person or entity; or (4) has been otherwise disposed of. State the date and circumstances surrounding the disposition of each such document.

## II. DOCUMENT REQUESTS

1. Any and all documents relating to notification and instructions to preserve, retain, or cease destruction of documents relating to this litigation, including but not limited to document retention notices, freeze notices and hold orders.

2. Any and all documents relating to electronic data retention policies for desktop and laptop computers, including but not limited to guidelines, protocols, manuals, memo, training material, or other communications.

3. Any and all communications with John Walsh relating to notification and instructions to preserve, retain, or cease destruction of documents relating to this litigation.

4. Any and all documents relating to your document management and document retention policies, including but not limited to policies, forms, checklists or other documents involved in document management and document retention.

5. Any and all documents relating to your backup procedures, including but not limited to policies, forms, checklists or other documents involved in the backup or archiving of documents.

6. Any and all documents relating to an errata sheet signed by John Walsh on June 11, 2007 for his deposition on May 4, 2007, including but not limited to the errata to page 106 of the deposition and any documents related to Mr. Walsh's review of the transcript of his deposition on May 4, 2007.

JAMES D. WAREHAM
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128
Attorney of Record for Plaintiff

Of Counsel:
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005

June 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this 21st day of June 2007 I caused a copy of the foregoing to be served by regular and electronic mail upon counsel for the Defendant as follows:

Dominique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

Tracy L. Hilmer
Civil Division
U.S. Department of Justice
601 D Street, N.W.
P.O. Box 261 Ben Franklin Station
Washington, DC 20044

Stephanie K. Rosenthal