# EXHIBIT 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MORSE DIESEL INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99-279 and consolidated cases (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST FOR THE PRODUCTION OF DOCUMENTS

In accordance with Rules 34 and of the Rules of the United States Court of Federal Claims ("RCFC"), defendant provides the following responses to plaintiff's request for production of documents dated June 21, 2007. In accordance with the litigation plan that the parties established and presented to the Court in the March 23, 2000 joint status report, the United States does not intend to produce documents that do not relate to, or are not reasonably calculated to lead to the discovery of admissible evidence relating to, the United States' affirmative defenses and counterclaims, and plaintiff's answer thereto. Our responses and objections are further stated below.

General Objections

1. We object to plaintiff's request for production of documents to the extent that it seeks to impose upon defendant any requirements beyond those established by the Rules of this Court.

2. We object to the request for production to the extent it seeks information protected from discovery by the Privacy Act,

the attorney-client privilege, the deliberative process or executive privilege, the work product doctrine, or any other applicable privileges, and RCFC 26(b)(2).

3. We object to the production of documents that have previously been produced by defendant or that have been previously produced by plaintiff because such production is an undue burden and expense.

Defendant's Responses To Document Requests

1. Any and all documents relating to notification and instructions to preserve, retain, or cease destruction of documents relating to this litigation, including but not limited to document retention notices, freeze notices and hold orders.

RESPONSE: Defendant incorporates the general objections stated above. We further object because the request is overly broad and ambiguous in referring to "all documents relating to notifications and instructions to preserve, retain or cease destruction of documents relating to this litigation" and in its definitions of "document" and "litigation." We also object because the request is not reasonably calculated to lead to the discovery of relevant evidence.

It also is unclear whether plaintiff is requesting copies of its prior document requests directed to defendant in the litigation. If so, plaintiff has copies of its prior document

requests and we object to production of such documents because it is an undue burden and expense.

Assuming that the request is limited to only those documents that themselves notify and instruct persons to preserve, retain, or cease destruction of documents relating to this litigation, we object to the production of such documents on the ground of attorney-client privilege. A privilege log is enclosed.

In addition, Karen Poole, the former GSA contracting officer, issued e-mails responsive to this request. She kept such e-mails in a subfolder in her computer archives that was entitled "Litigation." However, those e-mails themselves, and the entire subfolder in which they had been placed, were deleted from her computer archives in error. At that time, Ms. Poole deleted another subfolder of documents relating to the litigation of another company's contract and not pertaining to Morse Diesel's contracts or litigation regarding such contracts. The program then in use by the GSA automatically, and without Ms. Poole's knowledge, deleted her archive subfolder that contained the e-mails responsive to this request. Subsequently, Ms. Poole learned that the deletion had occurred because the title of the subfolder she intentionally deleted was identical to the title of the other subfolder that contained the e-mails responsive to this request; that is, both subfolders were entitled "Litigation." As best we can determine, the deletion of Ms. Poole's e-mails

regarding instructions to preserve, maintain, and not destroy documents occurred sometime prior to April 2001.

When Ms. Poole discovered this deletion, she immediately contacted her computer support service. However, at that time, the deleted documents could not be found or restored to her computer.

2. Any and all documents relating to electronic data retention policies for desktop and laptop computers, including but not limited to guidelines, protocols, manuals, memo, training material, or other communications.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request for documents is overly broad and ambiguous in referring to "all documents relating to electronic data retention policies for desktop and laptop computers, including but not limited to guidelines, protocols, manuals, mamo, training material, or other communications" and in its definitions of "documents" and "communications." We also object because the request is not reasonably calculated to lead to the discovery of relevant evidence.

Without waiving our objections and assuming that the document request is limited to only those documents that are themselves guidelines, protocols or policies for electronic data retention for desktop and laptop computers, defendant is

producing copies of the documents contained in the folders labeled "GSA" and "GSA-OIG." Documents in the folder labeled "GSA" pertain to the General Services Administration and documents in the folder labeled "GSA-OIG" pertain to the Office of Inspector General of the General Services Administration.

3. Any and all communications with John Walsh relating to notification and instructions to preserve, retain, or cease destruction of documents relating to this litigation.

RESPONSE: Defendant incorporates the general objections stated above. Defendant also objects because the request is overly broad and ambiguous in referring to "all communications with John Walsh relating to notifications and instructions to preserve, retain or cease destruction of documents relating to this litigation" and in its definitions of "communications," "documents," and "litigation." It also is unclear whether plaintiff is requesting copies of its prior document requests directed to defendant in this litigation. If so, plaintiff has copies of its prior document requests and we object to production of such documents as an undue burden and expense. We also object because the request is not reasonably calculated to lead to the discovery of relevant evidence.

Assuming that the request is limited to only those documents that themselves notify and instruct John Walsh to preserve, retain, or cease destruction of documents relating to this

litigation (and excluding the plaintiff's interrogatories and requests for production of documents), we object to the production of such documents on the ground of attorney-client privilege. A privilege log is enclosed.

4. Any and all documents relating to your document management and document retention policies, including but not limited to policies, forms, checklists or other documents involved in document management and document retention.

RESPONSE: Defendant incorporates the general objections stated above. Defendant incorporates the general objections stated above. We also object because the request for documents is overly broad and ambiguous in referring to "all documents relating to electronic data retention policies for desktop and laptop computers, including but not limited to guidelines, protocols, manuals, mamo, training material, or other communications" and in its definition of "documents." We also object because the request is not reasonably calculated to lead to the discovery of relevant evidence.

Without waiving our objections and assuming that the request is limited to only those documents that are themselves guidelines, protocols or policies for electronic data retention for desktop and laptop computers, defendant is producing copies of the contained in the folders labeled "GSA" and "GSA-OIG." Documents in the folder labeled "GSA" pertain to the General

Services Administration and documents in the folder labeled "GSA-OIG" pertain to the Office of Inspector General of the General Services Administration.

5. Any and all documents relating to your backup procedures, including but not limited to policies, forms, checklists or other documents involved in the backup or archiving of documents.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request for documents is overly broad and ambiguous in referring to "all documents relating to backup procedures, including but not limited to policies, forms, checklists or other documents involved in the backup or archiving of documents" and in its definition of "documents." We also object because the request is not reasonably calculated to lead to the discovery of relevant evidence.

Without waiving our objections and assuming that the request is limited to only those documents that themselves are backup procedures for computers, defendant is producing copies of the documents contained in the folders labeled "GSA" and "GSA-OIG." Documents in the folder labeled "GSA" pertain to the General Services Administration and documents in the folder labeled "GSA-OIG" pertain to the Office of Inspector General of the General Services Administration.

6. Any and all documents relating to an errata sheet signed by John Walsh on June 11, 2007 for his deposition on May 4, 2007, including but not limited to the errata to page 106 of the deposition and any documents related to Mr. Walsh's review of the transcript of his deposition on May 4, 2007.

RESPONSE: Defendant incorporates its general objections stated above. Defendant also objects because the request is ambiguous and overbroad in referring to "all documents" relating to Mr. Walsh's errata sheet, dated June 11, 2007. Defendant also objects because the request is undue burden and expense in that plaintiff already has copies of such documents, including the transcript of Mr. Walsh's deposition, Mr. Walsh's errata sheet signed June 11, 2007, and the June 12, 2007 letter of Government counsel providing the court reporter with Mr. Walsh's original errata sheet. Without waiving our objections, we are producing a copy of Mr. Walsh's facsimile transmission to Government counsel, dated June 11, 2007, providing a copy of his errata sheet, dated June 11, 2007.

PETER KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Fax: (202) 514-8624
Attorneys for Defendant

July 24, 2007

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 24th of July, 2007, I caused to be faxed and placed in the United States mail (first-class mail, postage paid) copies of "DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS" addressed to:

James D. Wareham
Paul, Hastings, Janofsky & Walker
875 Fifteenth Street, N.W.
Washington, DC 20005

Dominique Kirchner