# EXHIBIT 12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MORSE DIESEL, )
Plaintiff, )
) Case No.: 99-279C
v. )
UNITED STATES, )
Defendant. )

Thursday,
April 5, 2007

Live Tape

(The following transcript was transcribed from a digital recording provided by United States Court of Federal Claims to Heritage Reporting Corporation on April 5, 2007.)

APPEARANCES:

For the Plaintiff:
JAMES WAREHAM, Esquire
KIRBY BEHRE, Esquire
Paul Hastings Jenosky and Walker

For the Defedant:
DOMENIQUE KIRCHNER, Esquire
TRACY HILMER
U.S. Department of Justice

Also Present:
KATHERINE CROWE
General Services Administration

MS. KIRCHNER: Your Honor, we will make him available for deposition.

THE COURT: Yes, I know you will. That's the right thing to do under the circumstances.

Well, I'm going to go ahead and set an order and I'll do this. I would give the government an additional 30 days. Under the rules you get, what, 30 days to respond or whatever it is. I would give you an additional 30 days to respond or 60 days in which you could take depositions if you need to, and they would be limited basically to whatever experts we have or whatever is going to be proffered as an expert.

I have not seen this gentleman's report, or if it's in the file, I don't remember if we got it.

MS. KIRCHNER: Your Honor, then could we have a statement from the Plaintiff's counsel of who they have -- I mean, I was assuming that they would rely on Ronnie Brenner's affidavit. Perhaps they intend to offer something different on damages. I would really like to keep this as short and clean and sweet as we can.

MR. BEHRE: As far as I can tell over the last four or five years has never had any affirmative discovery in this case. So for the government to be saying enough is enough in discovery is a little bit

ironic because they have succeeded in turning this case on its head, and they've gotten all the discovery. AMEC has gotten none.

THE COURT: Well, that may be their fault too.

MS. KIRCHNER: Your Honor.

THE COURT: Look, you weren't running the lawsuit then. We've had, what, four law firms in and out of this case.

MS. KIRCHNER: Your Honor, what we're asking for is only supplementation of material changes. If there has been a material change in the answers to the discovery, to the interrogatories, then we want to know what the substantive differences are. If there is no material changes, they can tell us there are no material changes.

THE COURT: Well, I think what you need to do is use the month of March to try to get yourself lined up about what you need and what you don't need by way of -- and file whatever papers -- if you can't get them to do it informally, file something. But I'm going to tell you right now I'm going to make them respond in the financial stuff. I've been worried about this for quite some time.

MS. KIRCHNER: So Your Honor, just to

clarify then, the Court's stay of discovery is no longer in effect.

THE COURT: No one has said anything to me about the stay.

MS. KIRCHNER: Okay.

THE COURT: Does somebody want to lift the stay?

MS. KIRCHNER: Okay. Well, if I understand, the stay is lifted then.

THE COURT: That's fine with me if that's what you want. If you guys want to engage in something, that's all right. I mean, as I said before, I think it's only fair for the new counsel to have a chance to depose some of these people if they want to. I certainly wouldn't rely on what one of these prior counsel had done under the circumstances.

MS. KIRCHNER: Your Honor, then in light of what the Court has also said on discovery, we will seek a deposition --

THE COURT: And if you need something, then it seems to me then on their financial situation, then that seems to me more than appropriate.

MR. BEHRE: Your Honor, I understand the Court's order, but I would ask for some relief with regard to the onerous nature of the extensive --

THE COURT: Well, you're going to sit down and talk to each other this month and try to see if you can't find something that will satisfy her without being onerous. Okay?

MR. BEHRE: Okay, we will do that.

THE COURT: All right. So I'm backing up again now, but what I want you to do is to try to work on what you need to do by way of discovery and have the government proffer their expert report here by the end of March. Then I will have a conference with you all on April 9th, and then we will ascertain at that time what, if anything, I need to do relating to orders, and we'll set a date for the government to submit its brief.

If they have already got it done, then they can submit it the following day for all I care. All we will have lost is a week. If they need a little bit more to, then we'll do that, and we'll get on the schedule.

I'll tell you this, which you will find if you talk around a little bit, when I set a schedule, I set it, and when I set the briefing, I'm going to set the hearing, and I don't change the dates. If the government changes counsel or if your guys change counsel again, that's too bad. So before I put