# EXHIBIT 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MORSE DIESEL, )
Plaintiff, )
) Case No.: 99-279C
v. )
UNITED STATES, )
Defendant. )

Thursday,
April 5, 2007

Live Tape

(The following transcript was transcribed from a digital recording provided by United States Court of Federal Claims to Heritage Reporting Corporation on April 5, 2007.)

APPEARANCES:

For the Plaintiff:
JAMES WAREHAM, Esquire
KIRBY BEHRE, Esquire
Paul Hastings Jenosky and Walker

For the Defedant:
DOMENIQUE KIRCHNER, Esquire
TRACY HILMER
U.S. Department of Justice

Also Present:
KATHERINE CROWE
General Services Administration

case or do we want to consolidate it.

MS. KIRCHNER: Yes, Your Honor, I understand that.

THE COURT: And I need some briefs on that or some guidance. What do you want to do?

MS. KIRCHNER: It's the government's view that that should be kept separate.

THE COURT: Okay.

MS. KIRCHNER: We think it's very good that Your Honor is on that case because it is all related in some sense, but it's really a separate case. What's at issue there is the reprocurement costs and some liquidated damages that are a result of the termination.

THE COURT: Okay.

MS. KIRCHNER: The phase II contract.

THE COURT: All right. So that's not consolidated, so we will leave that on the docket the way it is. That's item number one.

The second one basically is we need to figure out do you guys need to do any discovery to do this damage proceeding? I don't think you do.

MS. KIRCHNER: Your Honor, this is Domenique Kirchner again.

There was already discovery on the

government's counter-claim.

THE COURT: All right.

MS. KIRCHNER: The government produced a report by the auditor, John Walsh, and he was deposed on his damages report. Now, the damages report that he produced was much more fulsome than the issues that have been addressed by the Court. So what we're asking him to do is to revise it and include only in his computation the items that have been addressed in the Court's decision, and so then we will have a revision which is essentially the same but only includes the items that the Court addressed.

Then I also had discussions sometime with Kirby Behre, and he has asked for further discussion. So we will have discussions with Plaintiff's counsel with regard to damages, and then what we would propose to do is after those discussions to file a brief with the Court explaining what we think that the government is entitled to based on the Court's rulings.

I'll also note for the Court that the Plaintiff has already put in some evidence on damages in the Court's records. I'm assuming that their position on damages will be similar to what papers they've previously filed, and it's an affidavit --

THE COURT: Well, they are going to say

there is no injury.

MS. KIRCHNER: Well, no, Your Honor, they didn't contend that in the affidavit.

THE COURT: Oh, okay.

MS. KIRCHNER: But there is a declaration of Ronny Brenner.

THE COURT: Yes.

MS. KIRCHNER: It begins in the appendix. It's in the Plaintiff's Volume 4, and it begins at page 1049. So I'm assuming that their position on damages is similar to that declaration.

And what I would propose to the Court is that both parties address the damages issues by filing briefs, and if the Court wants to have a hearing after the briefs are filed --

THE COURT: Is this something I can do on summary judgment?

MS. KIRCHNER: We believe so, Your Honor. The big issue on damages is whether the Federal Circuit's decision in Young Mott Naye applies here, construing False Claims Act damages, and so it involves the parties' interpretation, our interpretation of that decision, the Plaintiff's interpretation of that decision, and of course the Court will decide what the appropriate damages are in