**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc. | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 99-279 and consolidated cases (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S OCTOBER 31, 2007 OPINION**

# TABLE OF CONTENTS

**Page**

I. ACMI REQUESTS A RULING ON ITS DUE PROCESS CHALLENGE TO THE GOVERNMENT'S FORFEITURE OF FRAUDULENT CLAIMS ACT COUNTERCLAIM. ..... 1

II. ACMI REQUESTS A RULING THAT THE GOVERNMENT HAS WAIVED ALL REMAINING COUNTERCLAIMS EXCEPT THE CONTRACT DISPUTES ACT NINTH COUNTERCLAIM. ..... 6

III. THE COURT SHOULD UPHOLD THE GOVERNMENT'S ELECTION OF REMEDIES AND REVISE ITS AWARD OF DUPLICATIVE ANTI-KICKBACK ACT DAMAGES. ..... 9

IV. CONCLUSION ..... 10

**TABLE OF AUTHORITIES**
**CASES**

*BMW of N. America, Inc. v. Gore*,
517 U.S.559 (1996)....................3, 4, 5, 6

*Baldridge v. Hadley*,
491 F.2d 859 (10th Cir. 1974) ....................10

*Cooper Industries, Inc. v. Leatherman Tool Group*,
532 U.S. 424 (2001)....................6

*Link v. Wabash Railroad Co.*,
370 U.S. 626 (1962)....................9

*Moore v. Telfon Communications Corp.*,
589 F.2d 959 (9th Cir. 1978) ....................9

*State Farm Mutual Automobile Ins. Co. v. Campbell*,
538 U.S. 408 (2003)....................3, 4, 5, 6

*United States ex rel. Miller v. Bill Harbert International Construction, Inc.*,
505 F. Supp. 2d 20 (D.D.C. 2007) ....................10

*United States v. Lippert*,
148 F.3d 974 (8th Cir. 1998) ....................10

*United States v. Temple*,
299 F.2d 30 (7th Cir. 1962) ....................10

*Young-Montenay, Inc. v. United States*,
15 F.3d 1040 (Fed. Cir. 1994)....................10, 11

**STATUTES AND OTHER AUTHORITIES**

*Anti-Kickback Act of 1986* 41 U.S.C. §§ 51-58,
41 U.S.C. § 55....................1, 9
41 U.S.C. § (604) ....................7

*Contracts Dispute Act*, 41 U.S.C. §609(a) ....................7

*False Claims Act*, 31 U.S.C. §§ 3729(a)(1),(a)(2) ....................2

*Forfeiture of Fraudulent Claims Act*, 28 U.S.C. § 2514....................2, 6, 10, 11

*Rules of the Court of Federal Claims* 41(b) ....................9

Plaintiff, AMEC Construction Management, Inc. ("ACMI"), f/k/a Morse Diesel International, Inc., respectfully requests that the Court clarify its October 31, 2007 Memorandum Opinion and Order to state whether the Court will rule on ACMI's constitutional challenge under the Due Process Clause to the Government's Forfeiture Counterclaim and to state the Court's ruling on that issue. At the telephonic conference held on November 14, 2007 the Court indicated that it would review the briefing on summary judgment on damages to determine whether ACMI had raised the Due Process Clause challenge to the Forfeiture Counterclaim and that ACMI should file a request for clarification if it indeed had raised the argument before the Court.

ACMI also requests that the Court determine the status of the remainder of this case by holding that the Government has waived all of its counterclaims except for the Ninth Counterclaim based on the Contract Disputes Act. Additionally, ACMI requests that the Court revise its award of $259,457.04 in damages under the Anti-Kickback Act, 41 U.S.C. § 55, because those damages are improperly duplicative. ACMI also notes that its requests for clarification do not waive its rights to challenge other aspects of the Court's Opinions and Orders on appeal.

## I. ACMI REQUESTS A RULING ON ITS DUE PROCESS CHALLENGE TO THE GOVERNMENT'S FORFEITURE OF FRAUDULENT CLAIMS ACT COUNTERCLAIM.

ACMI has preserved its Due Process Challenge to the Government's Forfeiture Counterclaim based on the Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2514, although the Court has not yet ruled on that issue. ACMI's Due Process Clause challenge relates to the Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2514, on which the Government's Forfeiture Counterclaim is based. The Due Process Clause challenge is thus different and distinct from

ACMI's argument that the damages awarded under the False Claims Act, 31 U.S.C. §§ 3729(a)(1), (2), violate the Excessive Fines Clause of the Eighth Amendment.

In its briefs over the past four years ACMI has diligently preserved the Due Process Clause challenge to the forfeiture ordered under the Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2514, Counterclaim. In its Opposition to the Government's Motion for Partial Summary Judgment, dated August 29, 2003, and in subsequent pleadings dated August 30, 2004, April 6, 2007, May 14, 2007, and June 15, 2007, ACMI raised a Due Process Clause challenge to the Government's Forfeiture Counterclaim. *See* 08/29/03 Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment, at 28-32 (arguing extensively in the section titled "The Requested Forfeitures Would Violate Due Process") (Docket Entry 177); 08/30/04 Plaintiff's Supplemental Submission in Opposition to Defendant's Motion for Partial Summary Judgment, at 4-5 (stating "In addition, the requested forfeitures would be so grossly excessive as to violate the Due Process Clause" and citing *State Farm* and *BMW of N. Am.*) (Docket Entry 208); 04/06/07 Request for Clarification and Response to the Government's Three Motions Filed After the Issuance of the Court's January 26, 2007 Opinion, at 3 (noting ACMI's understanding that "the Court will want to schedule a hearing to review this issue once the Court has determined the amount of compensatory damages to be awarded to the Government") (Docket Entry 254); 05/14/07 Response to Defendant's Fourth Motion for Additional Relief and Reply in Support of Plaintiff's Request for Clarification, at 2, 8 (ACMI requested that the Court "confirm that ACMI's argument that the forfeiture is so massive in relation to the harm to the Government that the forfeiture violates the Due Process Clause of the Constitution is still being considered and will be addressed by the Court" and requested that the Court confirm that interpretation "and conduct the requisite constitutional analysis") (Docket Entry 262); 06/15/07 Plaintiff's

Opposition to Motion for Summary Judgment on Damages, at 9 (Docket Entry 270). The Government also has addressed ACMI's Due Process Clause challenge to the Forfeiture Counterclaim. *See* 01/23/04 Defendant's Reply in Support of Motion for Partial Summary Judgment, at 15-17 (Docket Entry 195); 10/6/04 Defendant's Response to Plaintiff's Supplemental Brief, at 2-4 (Docket Entry 210); 07/20/07 Reply to Plaintiff's Opposition to the Motion for Summary Judgment on Damages, at 11-13 (section titled "ACMI's Due Process Argument Is Not Supported By The Facts Or The Law") (Docket Entry 282).

In ACMI's June 2007 Opposition to the Government's Motion for Summary Judgment on Damages, ACMI referred to the Due Process Clause challenge to the forfeiture, stating: "Even if the Court were to award damages to the Government in the full amount of the falsely stamped invoices, the time-value of money is the proper number to be used in determining actual harm to the Government for Constitutional Due Process balancing purposes. In conducting its Constitutional Due Process analysis, the Court is required to follow the three-part test established by the Supreme Court in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and applied in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003)." 06/15/07 Opposition, at 9 (Docket Entry 270). In footnote four of the brief, ACMI cited to the Court's January 26, 2007 Order holding that the Due Process Clause challenge was not ripe, stating: "The Court has not yet conducted such an analysis. *See Morse Diesel International, Inc. v. United States*, 74 Fed. Cl. 601, 635 (2007) (Due Process Clause challenge "is not ripe.")." 06/15/07 Opposition, at 9 n. 4.

In the Court's January 26, 2007 Memorandum Opinion and Order, the Court stated that "since the court has not determined the damages due the Government for violations of the Anti-Kickback Act and the Fraudulent Claims Act, Plaintiff's constitutional challenge under

the Due Process Clause is not ripe." 01/26/07 Memorandum Opinion and Order, at 48 (Docket Entry 242). In the February 8, 2007 status conference, ACMI again raised the issue of the damages needed for a constitutional analysis under the Due Process Clause and the Court stated: "Well, *until* I've actually issued an opinion, then we don't know what the due process issues will be. If I say there are no damages, or there are very few, you're not going to have much of a due process argument." 02/08/07 Tr. of Status Conference, at 19:7-11 (emphasis added); *see also* 18:20-19:6 (Excerpts attached hereto as Exhibit 1)(ACMI stated: "We need guidance from the Court as to what it meant in its opinion with regard to damages . . . the damages were those that were compensatory actual damages that would be needed for a constitutional analysis under the due process clause, and I think the government has a different view as to what the Court meant.").

In June 2007, the Court also acknowledged that the Due Process Clause challenge to the forfeiture remained an open issue. In the Court's June 29, 2007 Memorandum Opinion and Order, the Court addressed ACMI's April 2007 Request for Clarification of the Court's January 26, 2007 "holding that ACMI's constitutional challenge under the Due Process Clause to the Government's Forfeiture Counterclaim was not ripe, because the Court had not determined the damages due the Government for violations of the Anti-Kickback Act and the Fraudulent Claims Act." 06/29/07 Memorandum Opinion and Order, at 10 (Docket Entry 278). The Court stated that "Plaintiff's understanding is correct." *Id*. at 10.

As the Court may recall from ACMI's prior filings, the *State Farm* and *BMW of N. Am*. cases establish the principal that the Court's forfeiture in excess of $78 million would violate the Due Process Clause because the forfeiture exceeds the compensatory damages by a ratio far in excess of the 9-to-1 (single-digit) ratio found to satisfy due process in those cases.

*See State Farm*, 538 U.S. at 409, 425; *BMW of N. Am.*, 517 U.S., at 575; *see also Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 424, 435 (2001). The applicable cases make clear that nine times compensatory damages is the current maximum allowable ratio to pass constitutional muster, but that ACMI should be able to present reasons why less than nine is appropriate under this set of facts. In its October 31, 2007 Memorandum Opinion and Order, the Court has now awarded the Government $2,324,222 (one-third of $6,972,666) in False Claims Act damages and $109,728.52 in Anti-Kickback Act damages for a total of $2,433,950.52 in compensatory damages. 10/31/07 Memorandum Opinion and Order, at 13, 17 (Docket Entry 290); 11/16/07 Order (Docket Entry 293). Compared to the total forfeiture ordered in this case of $78,467,637.16, the ratio of the total forfeiture to the compensatory damages is in excess of 32-to-1. The amount of the forfeiture thus unquestionably fails the Due Process Clause test established by the Supreme Court.

The Court stated in the teleconference on November 14, 2007 that *State Farm* was not applicable in this case. 11/14/07 Tr. of Status Conference, at 18:7-11. (Excerpts attached hereto as Exhibit 2[1]) The Court did not state that view in the October 31, 2007 Memorandum Opinion and Order, nor did the Court address its rationale for any holding that the forfeiture amount in excess of $78 million under the Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2514, does not violate the Due Process Clause. Accordingly, ACMI respectfully requests that the Court allow further briefing from the parties on the Due Process Clause challenge to the Forfeiture Counterclaim or, alternatively, rule in ACMI's favor on this issue.

[1] This transcript was sealed by order of Judge Braden. The excerpts (Exhibit 2) are being filed separately under seal.

## II. ACMI REQUESTS A RULING THAT THE GOVERNMENT HAS WAIVED ALL REMAINING COUNTERCLAIMS EXCEPT THE CONTRACT DISPUTES ACT NINTH COUNTERCLAIM.

The record reflects that in the multiple status conference during 2007 the Court repeatedly asked the parties to identify the issues remaining open so that the Court could plan its schedule for this case, including the hope that the Court could move this case off the docket by the end of the year. 04/09/07 Tr. of Status Hearing, at 7:19-8:5 (Excerpts attached hereto as Exhibit 3). The Court's statements imposed an obligation on both parties to be frank and forthcoming at each conference as to the anticipated claims to be resolved for that party. The record demonstrates that in three of the six status conferences held by this Court since April 2007, the Court posed those inquiries and the Government never said a word about the Prompt Payment Act or doorframes counterclaims. 04/09/07 Tr. of Status Hearing, at 4:6-8:5; 06/22/07 Tr. of Status Hearing, at 4:12-8:4 (Excerpts attached hereto as Exhibit 4) [2]; 08/10/07 Tr. of Status Hearing, at 10:11-19, 12:12-13:17 (Excerpts attached hereto as Exhibit 5). In these circumstances the Court should conclude that the Government abandoned those counterclaims for failing to identify them as counterclaims the Government still intended to pursue. The Government should not be permitted to sandbag this Court and the Plaintiff.

Notably, at the June 22, 2007 hearing, the Court stated: "What I'm trying to do is wrap up Morse Diesel so that they can take their appeal, and I just want to be sure I've got everything finished in that one." 06/22/07 Tr. of Status Hearing, at 6:6-9. The Government responded to that remark by identifying *only* the Contract Disputes Act (41 U.S.C. § 604) counterclaim (the Ninth Counterclaim) as the remaining claim in the case:

[2] The transcript for this conference was sealed in part by Judge Braden. Only unsealed portions have been excerpted as Exhibit 4 and attached hereto.

> MS. KIRCHNER: There are other elements of the government's counterclaim that have not yet been addressed. There is the issue under the Contract Disputes Act. Your Honor will recall that originally you had dismissed that issue for lack of jurisdiction, and then we had status calls where the Court indicated that it would reconsider that ruling. And so we would proceed to address that issue once the Court has clarified and reconsidered its opinion, as Your Honor has indicated that you are about to do shortly.
>
> THE COURT: Well, what I'm trying to do is finish the case. This is like pushing a boulder uphill. So you've got other things you want me to do now?
>
> MS. KIRCHNER: Your Honor, we would like to present the CDA issue.
>
> THE COURT: Well, I mean, why am I doing separate damages? I wanted to do one opinion on everything at the end.
>
> MS. KIRCHNER: I understand, Your Honor.

*Id*. at 6:19-7:13. The Court and ACMI, therefore, were left with the distinct impression that the Government only intended to pursue the Ninth Counterclaim based on the Contract Disputes Act. The Ninth Counterclaim is a Contract Disputes Act claim based on the $81,065 difference between ACMI's submission and the fact that ACMI had settled a particular subcontractor's claim.

At the November 14, 2007 status conference, the Court again asked what remained to be done in the case. 11/14/07 Tr. of Status Conference, at 4:7-9. In response, the Government raised *for the first time in nine months*, since February 8, 2007, that it now wants to pursue counterclaims based on the Prompt Payment Act and the doorframes issue. 11/14/07 Tr. of Status Conference, at 9:18-10:13. Even at the February 8, 2007 hearing, the Government did not mention the Prompt Payment Act and doorframes issue specifically, but only stated that "The government is not prepared at this point to drop any of its counter-claims" in response to the Court's suggestion that the Government should drop all of its remaining counterclaims. 02/08/07

Tr. of Status Hearing, at 26:2-3. Indeed, the Government has not mentioned the Prompt Payment Act issue specifically since January 30, 2007 when the Government filed a statement with the court to support its claim. 01/30/07 Defendant's Filing of Documents Regarding Its Counterclaim Relating to MDI Payments to Subcontractors. The last time the Government mentioned the doorframes issue was on August 15, 2005, when it filed its Fourth Amended Counterclaims. 08/15/05 Defendant's (Fourth) Amended Counterclaims, ¶¶ 96-110. In fact, the only counterclaim that the Government has legitimately pursued is the Ninth Counterclaim based on the Contract Disputes Act.

Accordingly, ACMI respectfully requests that the Court hold that the Government has waived its right to pursue any other claims in this case other than the Ninth Counterclaim. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962) (affirming district court's inherent power to dismiss without affording notice or providing an adversary hearing); *Moore v. Telfon Communications Corp.*, 589 F.2d 959 (9th Cir. 1978) (dismissing counterclaims for failure to prosecute and stating "During the six years from the filing of the counterclaim to its dismissal, Moore did little toward prosecuting the action and may even have impeded its progress by resisting defendant's attempts at discovery. Failure to prosecute diligently alone justifies dismissal, even where actual prejudice to the defendant is not shown"); RCFC 41(b). Additionally, ACMI has been severely prejudiced by the Government's failure to prosecute the Prompt Payment Act and doorframes counterclaims because witnesses' memories have certainly faded and evidence may have been lost over the past two years since the Government brought its doorframes counterclaim and over the past eight years that this case has been pending in this Court.

## III. THE COURT SHOULD UPHOLD THE GOVERNMENT'S ELECTION OF REMEDIES AND REVISE ITS AWARD OF DUPLICATIVE ANTI-KICKBACK ACT DAMAGES.

The Government did not seek additional civil penalties under the Anti-Kickback Act, 41 U.S.C. § 55, because "the amount of each kickback is already included in the false request for bond reimbursement" under the False Claims Act. 05/18/07 Defendant's Motion for Summary Judgment on Damages, at 9 (Docket Entry 263). Thus, the Government elected its remedies pursuant to applicable authority. *See, e.g.*, *United States v. Lippert*, 148 F.3d 974, 975-76 (8th Cir. 1998) (recognizing that recovery under the Anti-Kickback Act and the False Claims Act would be duplicative); *Baldridge v. Hadley*, 491 F.2d 859, 866 (10th Cir. 1974) (holding, where Government's administrative Soil Bank Act action to recover overpayments was followed by a False Claims Act claim for the same violation, that "[b]oth claims arise from the identical set of facts, and in these circumstances at least it is unfair to allow the government to compound its measure of damages by proceeding under a supplemental remedy."); *United States v. Temple*, 299 F.2d 30, 33 (7th Cir. 1962) (holding that False Claims Act damages would be duplicative to damages awarded under prior contract action based on the same promissory notes because "if the two actions had been brought not in tandem but simultaneously, the government would have been required to elect its remedy."); *United States ex rel. Miller v. Bill Harbert International Construction, Inc.*, 505 F. Supp. 2d 20, 24 (D.D.C. 2007) (dismissing common law claims as duplicative after Government obtained a judgment under the False Claims Act based on the same facts); Sylvia, Claire M., "The False Claims Act: Fraud Against the Government," § 6:23 (Jan. 2007) (stating "The Government may recover only once for any damage it sustains. Where the Government has an option to pursue a recovery under the False Claims Act or some other statute or common law theory for the same conduct, it must ultimately elect recovery under one" and citing *Lippert*).

In awarding Anti-Kickback Act damages, the Court improperly overrode the Government's election of remedies under applicable law. Indeed, the case the Court cites in support of its duplicative award, *Young-Montenay, Inc. v. United States*, 15 F.3d 1040, 1043 (Fed. Cir. 1994), does not support an award of damages under both the False Claims Act and the Anti-Kickback Act for the same conduct. 10/31/07 Memorandum Opinion and Order, at 13, 16. In *Young-Montenay*, the Federal Circuit merely noted that the Government sought only $98,000 in False Claims Act damages at the summary judgment stage but that the Court would award the full $147,000 to which the Government was entitled under the False Claims Act. *Id*. Rather, footnote four of the *Young-Montenay* decision in fact controls this circumstance, where duplicative recovery under two statutes is at issue. In footnote four, the Federal Circuit held that the Government could not obtain duplicative recovery under the Contract Disputes Act *and* the False Claims Act for the same conduct:

> No separate section discussing the government's counterclaim under the Contract Disputes Act is included in our analysis because, having upheld the Court of Federal Claims' grant of summary judgment on the government's special plea in fraud pursuant to 28 U.S.C. § 2514 and its counterclaim under the False Claims Act, the government is precluded from further recovery under the Contract Disputes Act for its two counterclaims merge.

*Id*. at 1043 n. 4. Accordingly, this Court should eliminate the $259,457.04 in Anti-Kickback Act damages from its damages award because it provides the Government with improper double recovery for the same conduct.

## IV. <u>CONCLUSION</u>

First, ACMI requests that the Court allow briefing on ACMI's Due Process Clause challenge to the forfeiture ordered under the Forfeiture of Fraudulent Claims Act. Alternatively, ACMI requests that the Court rule in ACMI's favor on the Due Process Clause

challenge to the forfeiture ordered under the Forfeiture of Fraudulent Claims Act. Second, ACMI requests that the Court issue a ruling that the Government has waived its right to pursue any other counterclaims in the case other than the Ninth Counterclaim under the Contract Disputes Act. Finally, ACMI requests that the Court eliminate the Anti-Kickback Act damages of $259,457.04 from its damages award.

Respectfully submitted,

s/ James D. Wareham

James D. Wareham
Attorney of Record for Plaintiff
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128

Date: November 27, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this 27th day of November 2007 I caused a copy of the foregoing Motion to be served by electronic mail (via ECF) upon counsel for the Defendant as follows:

Dominique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

Tracy L. Hilmer
Civil Division
U.S. Department of Justice
601 D Street, N.W.
P.O. Box 261 Ben Franklin Station
Washington, DC 20044

s/ Kirby D. Behre
Kirby Behre

LEGAL_US_E # 77215347.7