# EXHIBIT 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MORSE DIESEL, )
Plaintiff, )
v. ) Docket No.: 99-279C
UNITED STATES, )
Defendant. )

Room 702
National Courts Building
717 Madison Place NW
Washington, D.C.
Monday,
April 9, 2007

The parties met, pursuant to notice of the Court, at 2:03 p.m.

BEFORE: HONORABLE SUSAN G. BRADEN
Judge

APPEARANCES: (Via Telephone)

For the Plaintiff:
KIRBY D. BEHRE, Esquire
DANIELLE W. PIERCE, Esquire
Paul, Hastings, Janofsky & Walker, LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1719 / 551-1779

For the Defendant:
DOMENIQUE KIRCHNER, Esquire
TRACY HILLMER, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

PROCEEDINGS

(2:03 p.m.)

THE CLERK: Good afternoon. This is Matt Spengler, Judge Braden's law clerk. I'm here with Judge Braden, and we're ready to get started. If we could start by having each party to the call state their name and the party they represent.

MR. BEHRE: Good afternoon, Your Honor. It's Kirby Behre with Danielle Pierce on behalf of ANI Construction.

MS. KIRCHNER: Good afternoon, Your Honor. This is Domenique Kirchner. I'm here with Tracy Hillmer, representing the United States.

MR. PHILLIPS: Good afternoon, Your Honor. This is Dalton Phillips representing GSA.

THE COURT: All right. Good afternoon. I gather that we just got the briefs in by the Plaintiffs, which we don't even have in chambers yet. Apparently the clerk's office has them, but they haven't arrived upstairs. And when I set the conference call, I thought that would have happened. But they are here now someplace in the building.

And the government, you'll probably have something to file in response to that, I gather.

MS. KIRCHNER: Yes, Your Honor. The

government would like to file a response, and we would request April 24 for when we would file our response.

THE COURT: Is that all right with the Plaintiff?

MR. BEHRE: Yes, Your Honor.

THE COURT: All right. So my work will be finished at least on those motions sometime in the early summer, June, July. It better be in June.

All right. What's the next step after this?

MS. KIRCHNER: Your Honor, this is Domenique Kirchner. If I could address the next steps? In the matter where the Court has issued its decision, the next steps would be Plaintiff has requested the deposition of John Walsh, and we have agreed with Plaintiff that we will produce Mr. Walsh at my offices on May 4, and he will be deposed.

THE COURT: That was the GSA gentleman?

MS. KIRCHNER: Yes. He is the auditor from the Office of Inspector General for the GSA.

THE COURT: Okay.

MS. KIRCHNER: And he prepared the damages report.

THE COURT: All right.

MS. KIRCHNER: And then after May 4, Your Honor, the government will file its brief on damages

on May 18.

THE COURT: I'm sorry, what?

MS. KIRCHNER: Our brief on damages May 18.

THE COURT: May 18.

MS. KIRCHNER: Your Honor, there is one other thing that needs to be addressed. The parties will file a joint preliminary status report in the 2006 case. That's Case No. 06 --

THE COURT: This is the one that came in after?

MS. KIRCHNER: Yes.

THE COURT: Yes.

MS. KIRCHNER: Yes. It's Case No. 06-867, and our report is due on April 13, which is this Friday. And I am working together with Plaintiff's counsel to prepare that document, and we anticipate we should have it filed with the Court by April 13.

THE COURT: Now are you going to move to join that case or leave it separate?

MS. KIRCHNER: Your Honor, we addressed this last time. That new case deals with the reprocurement costs.

THE COURT: Oh. So it's a different issue.

MS. KIRCHNER: Yes, Your Honor. And I believe that it's not necessary to join that case.

THE COURT: All right.

MS. KIRCHNER: I mean, the Court has a lot of discretion in that area certainly, but I don't believe it's necessary to join the case.

And Your Honor had issued an order on February 9 stating that the case would not be consolidated.

THE COURT: Well, at that time, yes.

MS. KIRCHNER: Yes.

THE COURT: I wanted to wait and see where we went in this.

All right. So is it the government's position that I can do the damages on summary judgment?

MS. KIRCHNER: Yes, Your Honor.

THE COURT: And what's the Plaintiff's view about that?

MR. BEHRE: Your Honor, we'd like to take this deposition on May 4. We'd like to get from the government the backup materials from Mr. Walsh relating to his computation of harm from then on. And then at that point, we'd be in a position to go to you on summary judgment.

THE COURT: All right. So I need to talk to you guys then when in May?

MR. BEHRE: Testimony will be taken on May 4. The government has asked for May 18 as their briefing time. I'm a little concerned with regard to the timing on getting a transcript from the 4th. We'd ask to have until, let's see, June 15 to respond.

THE COURT: Does that cause the government any problems?

MS. KIRCHNER: No, Your Honor.

MR. BEHRE: So I suspect after we file those, although given the delays -- and I apologize, Your Honor, that the Friday submission still has not made its way.

THE COURT: It's not your fault. I mean, it's not your fault.

MR. BEHRE: Probably what we should do is set something after June 20, say.

THE COURT: All right. Why don't we set up a status conference on June 22.

My objective is to get this case finished this year and out of my office. As you know, it's one of these little gems I inherited, and I've slowly been working through my docket trying to get through the older cases. This is certainly among those, and I'd like to get it finished. There are a lot of reasons why it got more complicated as it went on.

What I'm trying to do is look at my trial schedule for the fall now and block time. If you had a hearing, how long would it take? Let's assume that the Plaintiff wants a hearing on damages. Not more than a week at the max.

MR. BEHRE: Your Honor, this is Kirby Behre. I think that's reasonable.

THE COURT: Shall we just save a week for the moment?

MR. BEHRE: Yes.

THE COURT: All right. Do you guys have your calendars?

MR. BEHRE: Yes.

THE COURT: How about the week of the 22nd of October?

MS. KIRCHNER: Your Honor, I could do it then. I'm wondering, is that the soonest?

THE COURT: Is that what?

MS. KIRCHNER: Is that the soonest date?

THE COURT: Well, I have two trials in July, one in August. I could do it in September, but I don't have a whole week open in September. I can give you pieces of weeks.

MS. KIRCHNER: Your Honor, then maybe the best thing to do is if we could all hold that week in

October where you do have the week. We'll block that week now, too. And if we could talk before then and see?

THE COURT: Right. It's just a matter of blocking time for the moment, because by the time we get to the summer, I'll have other things there. Do you see what I'm saying? And I don't have any trials for the moment in November. I do in December. So I'd kind of like to see if we have to have a trial, then we'll do that. I can't see you're going to go more than three days on damages.

MR. BEHRE: Your Honor, the week of October 22 is fine with us.

THE COURT: All right. So we'll just block that for the moment, and we'll talk again on the --

MR. BEHRE: 22nd I think you said.

THE COURT: Of June.

THE CLERK: The 15th of June.

THE COURT: Oh, the 15th of June? No, no, that's when their brief is due.

THE CLERK: Oh, I'm sorry. Yes. Yes, the 22nd.

THE COURT: All right. Okay. Thank you very much. Is there anything else you guys have?

MR. BEHRE: Not on behalf of the Plaintiff,