# EXHIBIT 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MORSE DIESEL, )
Plaintiff, )
)
v. ) Docket No.: 99-279C
UNITED STATES, )
Defendant. )

Suite 702, Chambers
National Courts Building
717 Madison Place NW
Washington, D.C.
Friday,
June 22, 2007

The parties met, pursuant to notice of the Court, at 2:08 p.m.

BEFORE: HONORABLE SUSAN G. BRADEN
Judge

APPEARANCES: (Via Telephone)

For the Plaintiff:
KIRBY D. BEHRE, Esquire
JAMIE D. WAREHAM, Esquire
Paul, Hastings, Janofsky & Walker, LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 551-1719 / 551-1728

APPEARANCES: (Cont'd)

For the Defendant:

DOMENIQUE KIRCHNER, Esquire
TRACEY HILMER, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
(202) 307-1111

For the General Services Administration:

CATHERINE C. CROW, Esquire
1800 F Street, N.W.
Washington, D.C. 20405-0002
(202) 501-4536

ERIC MILLER, Esquire
Office of Inspector General
230 South Dearborn Street
Chicago, Illinois 60604-1696
(312) 353-0657

P R O C E E D I N G S

(2:08 p.m.)

THE CLERK: If counsel could give their name and the party they represent.

MS. KIRCHNER: This is Domenique Kirchner, representing the United States.

MS. HILMER: Tracey Hilmer also for the United States.

MS. CROW: Catherine Crow, counsel for GSA.

MR. MILLER: Eric Miller, counsel for the GSA Office of Inspector General.

MR. BEHRE: Kirby Behre on behalf of ACMI.

THE COURT: I'm sorry. Who was representing?

MR. BEHRE: This is Kirby Behre, and I'm here with Jamie Wareham.

THE COURT: Okay. Kirby?

MR. BEHRE: Jamie, are you on?

(No response.)

THE COURT: Yes. Now are we talking about Morse Diesel or AMEC or both?

MR. BEHRE: Yes. Both.

THE COURT: Okay. Well, let's just start with Morse Diesel. I think we're about to get the rest of the briefs in on damages. I will have the

motion, the opinion for the motion for reconsideration and clarification out at the end of next week.

Now apparently the Plaintiff has filed a motion for leave to file documents that are under seal in another Court, and the government plans to oppose. What's this all about? What is this relevant to?

MR. BEHRE: Your Honor, this is Kirby Behre.

THE COURT: Is it AMEC or Morse Diesel?

MR. BEHRE: I'm sorry. It's ACMI that's involved in that proceeding, Your Honor. You received the transcript I believe.

THE COURT: All right. So let me just clarify. So I've got nothing. All I have to do in Morse Diesel now is get this last damage thing and then we'll go, right?

MR. BEHRE: No, I think there's a little bit more than that. You're talking about the case in which you've ruled with regard to summary judgment.

THE COURT: That's Morse Diesel.

MR. BEHRE: Okay.

THE COURT: Now I've got to do a damage.

MR. BEHRE: Outstanding issues include the damages issue as well as the pending four or five motions for clarification.

THE COURT: Right. And I just told you I'll

have those done by the end of next week.

MR. BEHRE: Okay.

THE COURT: So all I have to do now is wait for the government to get their motion in on damages and issue an opinion, and then we'll be finished in that case, right?

MS. KIRCHNER: Your Honor, this is Domenique Kirchner. If I could address that issue for the Court?

THE COURT: All right.

MS. KIRCHNER: What's happened is that the government has filed its brief on damages, and Plaintiff has filed their response.

THE COURT: Right.

MS. KIRCHNER: And we have a reply brief.

THE COURT: Right.

MS. KIRCHNER: And that is now currently due on July 2.

THE COURT: Okay.

MS. KIRCHNER: And we would request an 18-day enlargement of time to July 20 to file our reply brief. Basically I have a Federal Circuit brief I've got to get done by June 26 and then another brief for another Court, for another Judge, by June 28. And so we're requesting until July 20, which would be an 18-

day enlargement to file the government's reply.

THE COURT: I don't have any trouble doing that, but I'm only going to do it once. Is that all the time you need?

MS. KIRCHNER: Yes, Your Honor.

THE COURT: All right. What I'm trying to do is wrap up Morse Diesel so that they can take their appeal, and I just want to be sure I've got everything finished in that one. Now let me look at this.

MS. KIRCHNER: Your Honor, may I address that issue?

THE COURT: Yes.

MR. WAREHAM: Jamie Wareham joined, Your Honor. I came in a different way.

THE COURT: Okay. All right.

MS. KIRCHNER: With regard to that issue, Your Honor, this is Domenique Kirchner.

THE COURT: Yes.

MS. KIRCHNER: There are other elements of the government's counterclaim that have not yet been addressed. There is the issue under the Contract Disputes Act. Your Honor will recall that originally you had dismissed that issue for lack of jurisdiction, and then we had status calls where the Court indicated that it would reconsider that ruling. And so we would

proceed to address that issue once the Court has clarified and reconsidered its opinion, as Your Honor has indicated that you are about to do shortly.

THE COURT: Well, what I'm trying to do is finish the case. This is like pushing a boulder uphill. So you've got other things you want me to do now?

MS. KIRCHNER: Your Honor, we would like to present the CDA issue.

THE COURT: Well, I mean, why am I doing separate damages? I wanted to do one opinion on everything at the end.

MS. KIRCHNER: I understand, Your Honor.

THE COURT: All right. Well, let's do this. Why don't we get the motion for reconsideration out and then see what you have to do. I mean, I don't know what your plan of action is here, but, I mean, I thought the substantive issues were finished at this point.

MS. KIRCHNER: Your Honor, they are not.

THE COURT: Well, I want to get them finished. Do you hear me?

MS. KIRCHNER: Yes, Your Honor.

THE COURT: I really do. I mean, this is damages that's on the counterclaims without going to

the Contract Act stuff?

MS. KIRCHNER: This does not address the Contract Disputes Act issue. Your Honor dismissed that issue for lack of jurisdiction.

THE COURT: And? So?

MS. KIRCHNER: And the government has filed a motion for reconsideration. And in status conferences where we --

(Discussion held off the record.)

MS. KIRCHNER: And Your Honor indicated that in light of that case, there would be corrections to the opinion. Now the Court has not yet issued its corrected opinion, but as I understand, you will do so shortly.

THE COURT: All right. Well, why don't we talk after I finish that.

**SEALED PORTION REDACTED**
**NOT REFERENCED IN BRIEF**