**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC.,<br>f/k/a Morse Diesel International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 99-279 and<br>consolidated cases<br>(Judge Braden) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF THE COURT'S OCTOBER 31, 2007 OPINION**

**TABLE OF CONTENTS**

**Page**


I. ACMI PRESERVED ITS DUE PROCESS CHALLENGE TO THE GOVERNMENT'S FORFEITURE OF FRAUDULENT CLAIMS ACT COUNTERCLAIM. .......... 2

II. THE GOVERNMENT HAS WAIVED ALL REMAINING COUNTERCLAIMS EXCEPT THE CONTRACT DISPUTES ACT NINTH COUNTERCLAIM. .......... 7

III. THE COURT SHOULD UPHOLD THE GOVERNMENT'S ELECTION OF REMEDIES AND REVISE ITS AWARD OF DUPLICATIVE ANTI-KICKBACK ACT DAMAGES. .......... 8

IV. CONCLUSION .......... 11

# TABLE OF AUTHORITIES
## CASES

*American Heritage Bancroft v. United States*,
61 Fed. Cl. 376 (2004) ....................5

*Anderson v. United States*,
47 Fed. Cl. 438 (2000) ....................5

*Artis v. Norfolk & Western Railway Co.*,
204 F.3d 141 (4th Cir. 2000) ....................11

*Austin v. United States*,
509 U.S. 602 (1993) ....................4, 5

*Baldridge v. Hadley*,
491 F.2d 859 (10th Cir. 1974) ....................11

*Barren Island Marina, Inc. v. United States*,
44 Fed. Cl. 252 ....................4, 5

*BMW of N. Am. v. Gore*,
517 U.S. 559 (1996) ....................3

*Brown Const. v. United States*,
23 Cl. Ct. 214(1991) ....................5

*Cooper Industries, Inc. v. Leatherman Tool Group*,
532 U.S. 424 (2001) ....................5

*First Annapolis Bancorp, Inc. v. United States*,
75 Fed. Cl. 280 (2007) ....................3

*deRochemont v. United States*,
23 Cl. Ct. 87 (1991) ....................4

*Frenze v. United States*,
1986 WL. 6856 (E.D. Pa. 1986) ....................3

*Kamen Soap Products Co. v. United States*,
129 Ct. C 124 F. Supp. 608 (1954) ....................4, 5

*Link v. Wabash Railroad Co.*,
370 U.S. 626 (1962) ....................7

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Little v. United States*,
138 Ct. C 152 F. Supp. 84 (1957) ....................................................................5

*Moore v. Telfon Communications Corp.*,
589 F.2d 959 (9th Cir. 1978) ...........................................................................8

*Morse Diesel International, Inc. v. United States*,
74 Fed. Cl. 601 (2007) .....................................................................................2

*O'Brien Gear & Machine Co. v. United States*,
591 F.2d 666 (1979)..........................................................................................5

*Parker v. United States*,
110 F.3d 678 (9th Cir. 1997) ...........................................................................3

*State Farm Mutual Automobile Ins. Co. v. Campbell*,
538 U.S. 408 (2003)....................................................................................3, 6, 7

*Supermex v. United States*,
35 Fed. Cl. 29 (1996) .......................................................................................5

*UMC Electronics v. United States*,
43 Fed. Cl. 776 (1991) .....................................................................................5

*United States v. Lippert*,
148 F.3d 974 (8th Cir. 1998) .......................................................................3, 11

*United States ex rel. Miller v. Bill Harbert International Construction, Inc.*,
505 F. Supp. 2d 20 (D.D.C. 2007) ................................................................11

*United States v. Temple*,
299 F.2d 30 (7th Cir. 1962) ..........................................................................11

*Young-Montenay, Inc. v. United States*,
15 F.3d 1040 (Fed. Cir. 1994)........................................................................11

**TABLE OF AUTHORITIES**
(continued)

**Page**

**STATUTES AND OTHER AUTHORITIES**

Anti-Kickback Act, 41 U.S.C. § 55 .......... 1

28 U.S.C. § 2514 .......... 4

Legislative History to the Forfeiture Statute
App. to Cong. Globe, 37th Cong., 2nd Sess. 123-24 (1882) .......... 5

Plaintiff, AMEC Construction Management, Inc. ("ACMI"), f/k/a Morse Diesel International, Inc., respectfully replies to the Government's Response to Plaintiff's Motion for Clarification of the Court's October 31, 2007 Opinion. First, ACMI has established that it preserved its constitutional challenge to the Due Process Clause. The Government's Opposition ignores the fact that for the past four years ACMI has sought a ruling on its Due Process claim, and that the Court deferred ruling on that claim until after the Court ruled on damages. The Court did not rule on damages until October 31, 2007, and ACMI renewed its argument shortly thereafter. The Due Process challenge to the forfeiture is now ripe, and the Court should now permit additional briefing on that issue or, alternatively, rule in ACMI's favor that the forfeiture violates the Due Process Clause.

Second, ACMI requests that the Court rule that the Government has waived all of its counterclaims except for the Ninth Counterclaim based on the Contract Disputes Act because it failed to diligently prosecute those counterclaims. The Government's abject lack of diligence will force both the Court and ACMI to expend vast resources to litigate counterclaims that the Government did not feel were significant enough to pursue for more than two years.

Further, ACMI requests that the Court eliminate its award of $259,457.04 in damages under the Anti-Kickback Act, 41 U.S.C. § 55, because those damages are improperly duplicative. Although the Government now attempts to reverse its longstanding position that Anti-Kickback Act damages would be duplicative, ACMI has properly invoked the election of remedies doctrine in these circumstances because the Court has awarded False Claims Act and Anti-Kickback Act damages for the very same conduct – the submission of false bond reimbursements, including commission amounts. ACMI reiterates that its requests for

clarification do not waive its rights to challenge other aspects of the Court's Opinions and Orders on appeal.

## I. ACMI PRESERVED ITS DUE PROCESS CHALLENGE TO THE GOVERNMENT'S FORFEITURE OF FRAUDULENT CLAIMS ACT COUNTERCLAIM.

ACMI first argued that the forfeiture of ACMI's claims violated the Due Process Clause in its opposition to the Government's Motion for Summary Judgment on liability in 2003. The Court held in its January 26, 2007 Memorandum Opinion and Order and its June 29, 2007 Memorandum Opinion and Order, that "since the court has not determined the damages due to the Government for violations of the Anti-Kickback Act and the Fraudulent Claims Act, Plaintiff's constitutional challenge under the Due Process Clause is not ripe." *See Morse Diesel International, Inc. v. United States*, 74 Fed. Cl. 601, 635 (2007). The Court did not determine damages due to the Government until the Court granted the Government's Motion for Summary Judgment on Damages on October 31, 2007. The Court did not address the Due Process argument in its Order. ACMI promptly renewed its Due Process Clause argument, both on the November 14, 2007 telephonic status conference and in its November 27, 2007 Motion for Clarification. The Court should now consider ACMI's long-asserted Due Process challenge. ACMI requests additional briefing on this issue now that damages have been determined.

The Government cites no case law – and ACMI has discovered none – in support of a proposition that a party waives an argument despite (1) briefing it multiple times and raising it at a hearing, (2) a Court ruling that the argument will be ripe for consideration at a later date, and (3) citation to the Court's "not ripe" ruling and discussion of the central arguments at issue in the most recent brief filed. Indeed, the Government cites two cases that entirely support ACMI's preservation of its Due Process challenge. *See* 12/14/07 Response, at 10-11 (citing *First*

*Annapolis Bancorp, Inc. v. United States*, 75 Fed. Cl. 280, 288 (2007) (rejecting argument of waiver of affirmative defense that was not pled in answer), *Parker v. United States*, 110 F.3d 678, 682 (9th Cir. 1997) (Government counsel's failure to assert a defense in its motion was not a waiver), and *Frenze v. United States*, 1986 WL 6856 (E.D. Pa. 1986) (Government counsel's failure to renew an assertion at trial was not a waiver)). If the failure to plead an affirmative defense, raise a defense in a motion, or renew an argument at trial does not constitute a waiver, there is certainly no waiver of ACMI's Due Process challenge where ACMI repeatedly raised the challenge that the Court indicated it would rule upon when the issue became ripe *after* damages were determined.

Moreover, the Government cannot demonstrate any prejudice from the consideration of ACMI's Due Process challenge to the Forfeiture counterclaim at this time. As the Court and the Government are aware, ACMI and the Government had fully briefed ACMI's Due Process challenge to the Forfeiture Counterclaim in 2003 as part of the summary judgment briefs on liability. *See* 08/29/03 Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment, at 28-32 (arguing extensively in the section titled "The Requested Forfeitures Would Violate Due Process") (Docket Entry 179); 08/30/04 Plaintiff's Supplemental Submission in Opposition to Defendant's Motion for Partial Summary Judgment, at 4-5 (stating "In addition, the requested forfeitures would be so grossly excessive as to violate the Due Process Clause" and citing *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996)) (Docket Entry 208); 01/23/04 Defendant's Reply in Support of Motion for Partial Summary Judgment, at 15-17 (Docket Entry 195); 10/6/04 Defendant's Response to Plaintiff's Supplemental Brief, at 2-4 (Docket Entry 210). ACMI also raised the need for the Court to perform the constitutional analysis under the

Due Process clause at the February 8, 2007 hearing at which the Government's counsel was present. 02/08/07 Tr. of Status Conference, at 19:1-20:1 (excerpts attached as Exhibit 1 to Motion for Clarification). Thus, for the past four years, the Court has had before it the legal analysis relevant to ruling on ACMI's Due Process challenge to the Forfeiture Counterclaim,[1] and now the Court has the last piece of the puzzle that it needs to complete the constitutional analysis of the forfeiture – the damages decision.

The merits of ACMI's Due Process Clause challenge to the Government's Forfeiture Counterclaim require a ruling that the forfeiture violates the Due Process Clause. *See* discussion in 11/27/07 Motion for Clarification, at 4-5. The Government's argument that 28 U.S.C. § 2514 is not a damages statute because it operates as a condition upon the Government's waiver of sovereign immunity is a mere smokescreen constructed by the Government to obscure the fact that none of the case law cited by the Government holds that the Government is immune from constitutional scrutiny. In *Barren Island Marina, Inc. v. United States*, this Court held that forfeitures under the Forfeiture Act are subject to Constitutional standards. 44 Fed. Cl. 252, 256 (1999). The Government's only rebuttal on record regarding *Barren Island*'s holding that Section 2514 imposes a "fine" reviewable under the Eighth Amendment is that it "incorrectly applied the Excessive Fines Clause" and that it is in direct conflict with two much earlier (and therefore no longer persuasive) Court of Federal Claims holdings – one 45 years earlier in 1954 in *Kamen Soap Products Co. v. United States*, 129 Ct. Cl. 619, 124 F. Supp. 608 (1954), and the other eight years earlier in 1991 in *deRochemont v. United States*, 23 Cl. Ct. 87 (1991). *See*

[1] ACMI requests an opportunity for additional briefing the Due Process challenge to the Forfeiture Counterclaim in order to provide the Court with updated case law and factual analysis in light of the damages Order.

01/16/04 Reply in Support of Motion for Partial Summary Judgment, at 18-19. Moreover, the *Kamen Soap* case does not analyze Excessive Fines or Due Process issues because that jurisprudence had not been developed in 1954 when the case was decided.

All of the cases cited by the Government merely stand for the proposition that a claim against the Government is forfeited if that claim is found to be tainted by fraud. *See, e.g.*, 12/14/07 Response to Motion for Clarification, at 6 (citing *American Heritage Bancroft v. United States*, 61 Fed. Cl. 376, 385 (2004); *Anderson v. United States*, 47 Fed. Cl. 438, 444 (2000); *UMC Electronics v. United States*, 43 Fed. Cl. 776, 791 (1991); *Little v. United States*, 138 Ct. Cl. 773, 778, 152 F. Supp. 84 (1957); *Supermex v. United States*, 35 Fed. Cl. 29, 42 (1996); *Brown Const. v. United States*, 23 Cl. Ct. 214, 215-16 (1991)). Those cases do not address the constitutionality of the amount of the forfeiture under a Due Process Clause analysis.

In 2001, the Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 424 (2001), made clear that unduly large forfeitures do violate the Due Process Clause. The Government has, until its Response to the Motion for Clarification, *never* discussed or specifically rebutted the *Cooper* decision in its current or prior briefing on this issue, although ACMI argued that case in its 2003 briefing on summary judgment on liability regarding the forfeiture violating the Due Process Clause. 8/29/03 Opposition to Motion for Partial Summary Judgment, at 28, 29, 31; 6/15/06 Opposition to Motion for Summary Judgment on Damages, at 9. In *Cooper*, the Supreme Court stated: "The Due Process Clause of its own force also prohibits States from imposing 'grossly excessive' punishments on tortfeasors." 532 U.S. at 433-34. Courts that have considered the issue have found that forfeitures under the Forfeiture Act constitute a punishment. *See, e.g., O'Brien Gear & Mach. Co. v. United States*, 591 F.2d 666, 678 (1979); *Barren Island*, 44 Fed. Cl. at 260; *Austin v. United States*, 509 U.S. 602, 611-19

(1993). *See also* "Legislative History of the Forfeiture Statute," App. to Cong. Globe, 37th Cong., 2nd Sess. 123-24 (1882). Accordingly the Due Process Clause applies to forfeitures under the Forfeiture Act. Certainly the Government's apparent position that when Congress enacted the Forfeiture Act it intended to override the Constitution – a power that Congress does not have – cannot stand.

Further, the Court effectively imposed a forfeiture of $78.5 million, not $54 million ordered in the January 2007 Order (as corrected by the June 2007 Order), because ACMI's additional St. Louis Phase II contract claims for over $22 million are still pending before the contracting officer and are thus not yet subject to the July 2005 Forfeiture Opinion. In addition, $1.2 million in ACMI's claims relating to the San Francisco contract were not included in the January 2007 Order. The Government requested that the Court include the $1.2 million in San Francisco claims in the forfeiture order, and in response ACMI requested that the Court also include the $22 million in St. Louis Phase II claims in the forfeiture order. 05/14/07 Plaintiff's Response to Defendant's Fourth Motion for Additional Relief and Reply in Support of Plaintiff's Request for Clarification, at 5-6 (Docket Entry 262). The Court did not do either in the June 2007 Order. Yet, those claims totaling over $23.4 million ultimately will be forfeited pursuant to the Court's forfeiture Order, which by its terms incorporates all of ACMI's clams against the Government on all four contracts over which the Court has exercised jurisdiction.

The forfeiture in this case is grossly excessive because it results in a ratio of forfeiture to harm is in excess of 32-to-1 ($78.5 million to $2.3 million), which does not pass Constitutional muster under the Due Process Clause. Even a $54 million forfeiture would result in a ratio of over 23-to-1, which also would violate the Due Process Clause. In *State Farm Mutual Automobile Ins. Co. v. Campbell*, the Supreme Court provided a rule of thumb that "few

awards exceeding the single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." 538 U.S. 408, 425 (2003). The 32-to-1 ratio in this case is more than triple the 9-to-1 ratio the Supreme Court approved as satisfying due process.

Accordingly, ACMI reiterates its request that the Court allow further briefing from the parties on the Due Process Clause challenge to the Forfeiture Counterclaim or, alternatively, rule in ACMI's favor on this issue.

## II. THE GOVERNMENT HAS WAIVED ALL REMAINING COUNTERCLAIMS EXCEPT THE CONTRACT DISPUTES ACT NINTH COUNTERCLAIM.

During multiple conferences in 2007, the Court repeatedly stated that it wished to wrap up all aspects of this case to allow the appeal to proceed, and repeatedly suggested that the Government drop any remaining counterclaims, including the Ninth Counterclaim. *See* Exhibits 3-5 to ACMI's Motion for Clarification. The Government's effort now to revive its lifeless Prompt Payment Act, doorframes, and change order counterclaims is both inequitable and a waste of judicial and party resources. The Government's delay in pursuing any of those counterclaims has prevented the Court from entering only one damages order, instead prolonging this case for what may be years to come.

The Government cannot credibly disagree that ACMI has been prejudiced by the Government's failure to diligently prosecute its counterclaims. The six-year delay between the termination of the St. Louis Phase II contract and the Government's assertion of its doorframes counterclaim is a prime example of the Government's complete failure to prosecute that claim. During the eight years that this case has been pending, witnesses' memories have faded, witnesses have become unavailable, and evidence may have been lost. Prejudice of that nature warrants dismissal of those counterclaims. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629

(1962) (affirming district court's power to dismiss without notice or a hearing); *Moore v. Telfon Communications Corp.*, 589 F.2d 959 (9th Cir. 1978) (dismissing counterclaims for failure to prosecute even though actual prejudice to the defendant was not shown).

The Government's contention that its waiver of the remaining counterclaims is contradicted by the Court's request in the November 14, 2007 status conference that high-level Department of Justice officials review the Government's intention to pursue its remaining counterclaims ignores a major implication of the Court's statement. The Government apparently has not considered that the Court requested high-level review of the decision to pursue the remaining counterclaims precisely because the Government failed to diligently prosecute them, in addition to the fact that the counterclaims are duplicative and negligible in comparison to the complete relief the Government has already been awarded by this Court in its 2005 and 2007 Orders. Therefore, ACMI requests that the Court rule that the Government has waived all counterclaims except the Ninth Counterclaim.

## III. THE COURT SHOULD UPHOLD THE GOVERNMENT'S ELECTION OF REMEDIES AND REVISE ITS AWARD OF DUPLICATIVE ANTI-KICKBACK ACT DAMAGES.

Before the Court issued its decision on damages the Government's position was that it could not recover damages under the Anti-Kickback Act in addition to damages under the False Claims Act. Only after the Court issued its decision on damages did the Government change its position and seek Anti-Kickback Act damages as well as False Claims Act damages, thus denying ACMI the opportunity to address this position before the Court ruled on this argument. The Court's Order should eliminate the Anti-Kickback Act damages award because, had ACMI been on notice that the Government was seeking duplicative Anti-Kickback Act

damages, ACMI would have long ago submitted arguments to this Court arguing that such duplicative recovery is impermissible.

The election of remedies doctrine applies in these circumstances because the Court has awarded both False Claims Act and Anti-Kickback Act damages for the very same conduct – false bond reimbursements, including commission amounts. The Government's attempt to belatedly allege that the Anti-Kickback Act and False Claims Act claims were based on different conduct simply is not supported by the ample record. The Government conceded in May 2007 that it did not seek civil penalties under the Anti-Kickback Act because "the amount of each kickback is already included in the false request for bond reimbursement" under the False Claims Act. 05/18/07 Defendant's Motion for Summary Judgment on Damages, at 9, 13 (Docket Entry 263) ("because the kickbacks are small and are included in the bond fraud, the United States is unable to collect a separate damages amount for those violations."). The Government's purported expert John Walsh unequivocally stated that the False Claims Act and Anti-Kickback Act violations were based on the same bond reimbursements:

> In the January 26, 2007, decision, the Court ruled that ACMI's violations of the Anti-Kickback Act are also violations of the False Claims Act. . . .
>
> The false documents and certification related to the kickback issue include the first pay applications for each project because these pay applications include the kickback for the initial bond payment request that was certified by ACMI and paid by GSA. At $10,000 per occurrence, the pay application penalties total $40,000.
>
> *All of the $369,187 ($329,187 + $40,000) for damages and penalties that resulted from ACMI's commission sharing plan is included in the computation of damages and penalties for ACMI's bond reimbursement fraud.*

03/28/07 Walsh Report, at 6 (attached as Exhibit 1). *See also* 05/04/07 Walsh Report, at 5 ("the commission-sharing harm amounts related to the initial bond premiums paid by MDI are

duplicative of amounts computed in the bond damages section above.") (attached as Exhibit 2). Indeed, the Court noted that "the Government contend[ed] that all of the facts that support a motion for partial summary judgment of the Anti-Kickback Act also evidence a violation of the False Claims Act." January 26, 2007 Order, at 31. The Court's July 15, 2005 Order stated that the commission amounts were tied inextricably to the bond reimbursement costs: "In fact, but for MDI d/b/a ACMI's contracts with the Government, Williss Carroon, RHH/AON and AMEC, p.l.c. would have earned no brokerage fees on that work, and any financial accommodations made to obtain that work should have been accomplished by submitting the lowest possible price for MDI d/b/a/ ACMI's services. Instead, a higher price for bond services was included in the fixed contract price that MDI d/b/a ACMI was awarded." July 15, 2005 Order, at 18. The Court's January 26, 2007 Order also stated with regard to the Sacramento contract that the Anti-Kickback Act and False Claims Act violations were based on the same conduct: "since a kickback, as defined by FAR 52.203-7(a) is an act of fraud, and the court has determined that Plaintiff's activities regarding the Sacramento Courthouse Contract . . . violated the Anti-Kickback Act of 1986, 41 U.S.C. 51, 58, *the same conduct* also violates the False Claims Act." January 26, 2007 Order, at 34. (Emphasis added).

The Court's October 31, 2007 Order specifically states that the Anti-Kickback Act damages were awarded for the same conduct underlying the False Claims Act damages. October 31, 2007 Order, at 8 ("The court disagrees with the view that imposing civil penalties under the Anti-Kickback Act, and separate civil penalties and treble damages under the False Claims Act *for the same acts*, is either duplicative or prohibited") (Emphasis added). Second, the remedies are inconsistent because the Government had a choice of two remedies for the same conduct; both the False Claims Act and Anti-Kickback Act claims stem from the same

allegations of false bond reimbursements, which included the commission amounts. Third, the Government chose to pursue only False Claims Act damages. The three factors asserted by the Government to be necessary for the application of the doctrine of election of remedies are therefore present in this case. *See* 12/14/07 Response to Motion for Clarification, at 12.

The Eighth Circuit's decision in *United States v. Lippert* is squarely on point in its holding that the Government's recovery under both the Anti-Kickback Act and the False Claims Act would be duplicative. 148 F.3d 974, 975-76 (8th Cir. 1998). As the only case explicitly dealing with claims brought under both the Anti-Kickback Act and the False Claims Act, its status as an unpublished decision should not deter the Court from abiding by its holding. The Government's attempt to distinguish other applicable cases is unavailing. All of the cases cited by the Government stand for the proposition that obtaining a full recovery under one statute and then obtaining additional recovery under either a different statute or the common law for the same wrong results in impermissibly duplicative recovery. *See, e.g., Baldridge v. Hadley*, 491 F.2d 859, 866 (10th Cir. 1974); *United States v. Temple*, 299 F.2d 30, 33 (7th Cir. 1962); *United States ex rel. Miller v. Bill Harbert International Construction, Inc.*, 505 F. Supp. 2d 20, 24 (D.D.C. 2007); *Artis v. Norfolk & Western Railway Co.*, 204 F.3d 141, 144-46 (4th Cir. 2000); *Young-Montenay, Inc. v. United States*, 15 F.3d 1040, 1043 (Fed. Cir. 1994). The fact remains that in this case, the Government has recovered twice for the same conduct.

## IV. CONCLUSION

For all of the foregoing reasons the Court should grant ACMI's requests. First, the Court should allow briefing on ACMI's Due Process Clause challenge to the forfeiture ordered under the Forfeiture of Fraudulent Claims Act, or, alternatively, the Court should rule in ACMI's favor on the Due Process Clause challenge to the forfeiture. Second, the Court should

issue a ruling that the Government has waived its right to pursue any other counterclaims in the case other than the Ninth Counterclaim based on the Contract Disputes Act. Finally, the Court should eliminate the Anti-Kickback Act damages of $259,457.04 from its damages award.

Respectfully submitted,

s/ James D. Wareham

James D. Wareham
Attorney of Record for Plaintiff
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128

Date: December 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this 21st day of December 2007 I caused a copy of the foregoing Motion to be served by electronic mail (via ECF) upon counsel for the Defendant as follows:

Dominique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

Tracy L. Hilmer
Civil Division
U.S. Department of Justice
601 D Street, N.W.
P.O. Box 261 Ben Franklin Station
Washington, DC 20044

s/ Kirby D. Behre
Kirby Behre