IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MORSE DIESEL INTERNATIONAL, INC. d/b/a AMEC CONSTRUCTION MANAGEMENT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 99-279C and consolidated cases |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

UNITED STATES' MOTION FOR LEAVE TO FILE ATTACHED SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR "SPOLIATION" SANCTIONS

Defendant, the United States, respectfully requests leave to file the attached surreply to plaintiff's reply to defendant's opposition to plaintiff's motion for "spoliation" sanctions. Plaintiff Morse Diesel International, Inc. d/b/a AMEC Construction Management, Inc. (MDI or ACMI) has made numerous new assertions in its reply brief which were not contained in its motion for sanctions. For example, ACMI asserts that the Government in its opposition made the assertion that it is not bound by the expert disclosure obligations set forth in RCFC 26(a)(2)(B). Reply 2, 10. ACMI also asserts that the Government did not retain all of the factual material that Mr. Walsh sent or received since he became an expert witness for the Government in 2002. Reply 2. ACMI also asserts that the Government is withholding opinion work-product documents that the Government provided to Mr. Walsh in the preparation of his expert reports. Reply 7. ACMI also asserts that it is entitled to all documents sent to, received by, or generated by Mr. Walsh without regard to whether such documents were reviewed by Mr. Walsh in preparing his expert reports. Reply 7, 9, 10.

ACMI accuses Government counsel of making a "false" statement in her May 3, 2007 letter to ACMI's counsel and also criticizes the April 24, 2007 letter of Government counsel. Reply 11. ACMI alleges that Mr. Walsh prepared a document entitled "PHASE II - ACTION ITEMS," dated March 17, 1998, and that the Government's production of that document in discovery waived the Government's privileges. Reply 5-6. ACMI claims that the Government engaged in "slapdash efforts to reconstruct relevant documents." Reply 2, 5, n.5. ACMI asserts that the Government was required by RCFC 26(a)(2)(B) to disclose all drafts, redlines, and edits of Mr. Walsh's computation of harm reports and all correspondence regarding preparation of the reports, without awaiting a specific discovery request from ACMI. Reply 6. ACMI claims that Government counsel Domenique Kirchner and Tracy Miller are withholding their emails with Mr. Walsh regarding the preparation of his reports. Reply 13. ACMI claims that Mr. Walsh's destruction of notes that he made at depositions of MDI witnesses that he attended entitles ACMI to an adverse inference and other sanctions. Reply 13-14.

ACMI also asserts that the Government in its opposition engaged in "misfeasance by expressly relying upon its assertion of privilege for document preservation instructions given by counsel as both a sword and a shield." Reply 9. ACMI also asserts that the Government in its opposition "belatedly asserts a privilege regarding documents and communications it had with Mr. Walsh" and "continues to this day to secretly withhold correspondence with Mr. Walsh based on this privilege assertion." Reply 7-8. ACMI asserts that documents relating to future determinations that the Court might make upon other matters not yet addressed by the parties or the Court, including the Government's remaining counterclaims and the reprocurement case, Fed. Cl. No. 06-867, have likely been destroyed. Reply 14-16. All of these and other

contentions were not made in ACMI's motion for sanctions. Accordingly, the Government should be permitted to file the attached surreply.

Government counsel was unable to prepare and file this motion and attached surreply at an earlier date because she had to attend to matters relating to a death in the family on January 16-21, 2007. Accordingly, the Government respectfully requests that the Court grant this motion and allow the filing of the attached surreply.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

JOYCE R. BRANDA
Director

PATRICIA R. DAVIS
Assistant Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Fax: (202) 514-8624
Attorneys for Defendant

Of Counsel:
TRACY L. HILMER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice

ERIC L. MILLER
Office of the Inspector General
General Services Administration

CATHERINE CROW
General Services Administration
January 30, 2008