**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 99-279 and consolidated cases (Judge Braden) |

**MOTION FOR LEAVE TO FILE ATTACHED RESPONSE TO DEFENDANT'S SURREPLY TO PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS**

Plaintiff, AMEC Construction Management, Inc. ("ACMI"), f/k/a Morse Diesel International, Inc., respectfully submits this Motion for Leave to file a Response to the United States' Surreply to ACMI's Reply in support of its Motion for Spoliation Sanctions. ACMI recognizes that on February 1, 2008 the Court granted the Government's January 30, 2008 Motion for Leave to File Attached Surreply to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Spoliation Sanctions ("Mot."). Unfortunately, the Court did not wait for ACMI to file its Opposition to the Motion for Leave before making its ruling.

ACMI seeks an opportunity to file a Response to the Surreply because the Government's Surreply presents several contradictory, convoluted, and new facts and arguments regarding its document spoliation. ACMI also should be granted the chance to respond to the Government's Surreply because the Government's Surreply misstates many of ACMI's positions set forth in its Reply and opening Motion and Memorandum of Law. The Government's confusing and new assertions must now be clarified and rebutted before the Court can

meaningfully evaluate the Government's actions in this case and the harm visited upon by both ACMI and this Court as a result of the Government's spoliation.

Indeed, the Government's Surreply is untimely and largely repetitive of its Opposition to ACMI's Motion for Spoliation Sanctions. As the Court is aware, ACMI filed its Motion for Spoliation Sanctions and Memorandum of Law in Support ("Opening Memorandum") on November 14, 2007. The Government filed its Opposition ("Opp.") on December 21, 2007, after seeking an enlargement of time. ACMI filed its Reply on January 11, 2008. Under this Court's rules, the movant is entitled to file the last pleading. RCFC 7.2. By filing its untimely 19-page Surreply, the Government desperately seeks to get the last word in order to further prejudice ACMI. The Government's strategic effort to get the last word is entirely inappropriate. *See, e.g., Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) ("Surreplies . . . are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters[.]").

All of the arguments that the Government says ACMI asserted for the first time in its Reply brief were in fact either appropriate rebuttal to the Government's Opposition or were asserted at length in ACMI's Opening Memorandum:

- "ACMI asserts that the Government in its opposition made the assertion that it is not bound by the expert disclosure obligations set forth in RCFC 26(a)(2)(B)." Mot. at 1. *ACMI's argument is proper rebuttal to the Government's Opposition. Opp. at 27-33.*
- "ACMI also asserts that the Government did not retain all of the factual material that Mr. Walsh sent or received since he became an expert witness for the Government in 2002." Mot. at 1. *See ACMI's Opening Memorandum at 9-13 and seriatum.*

- "ACMI also asserts that the Government is withholding opinion work-product documents that the Government provided to Mr. Walsh in the preparation of his expert reports." Mot. at 1. *ACMI's argument is proper rebuttal to the Government's Opposition. Opp. at 28, 33.*

- "ACMI also asserts that it is entitled to all documents sent to, received by, or generated by Mr. Walsh without regard to whether such documents were reviewed by Mr. Walsh in preparing his expert reports." Mot. at 1. *See ACMI's Opening Memorandum at 18-26.*

- "ACMI accuses Government counsel of making a "false" statement in her May 3, 2007 letter to ACMI's counsel and also criticizes the April 24, 2007 letter of Government counsel." Mot. at 2. *ACMI's argument is proper rebuttal to the Government's Opposition. Opp. at 28, A403, A406, A533.*

- "ACMI alleges that Mr. Walsh prepared a document entitled "PHASE II – ACTION ITEMS," dated March 17, 1998, and that the Government's production of that document in discovery waived the Government's privileges." Mot. at 2. *ACMI's argument is proper rebuttal to the Government's Opposition. Opp. at 23.*

- "ACMI claims that the Government engaged in "slapdash efforts to reconstruct relevant documents." Mot. at 2. *ACMI's argument is proper rebuttal to the Government's Opposition. Opp. at 18-23 and seriatum; A669-70, A680-714.*

- "ACMI asserts that the Government was required by RCFC 26(a)(2)(B) to disclose all drafts, redlines, and edits of Mr. Walsh's computation of harm reports and all correspondence regarding preparation of the reports, without awaiting a specific discovery request from ACMI." Mot. at 2. *See ACMI's Opening Memorandum at 18-26.*

- ACMI claims that Government counsel Domenique Kirchner and Tracy Miller are withholding their emails with Mr. Walsh regarding the preparation of his reports." Mot. at 2. *ACMI's argument is proper rebuttal to the Government's Opposition. Opp. at 18-23, A669-70.*

- "ACMI claims that Mr. Walsh's destruction of notes that he made at depositions of MDI witnesses that he attended entitles ACMI to an adverse inference and other sanctions." Mot. at 2. *See ACMI's Opening Memorandum at 18-26, 30-31.*

- "ACMI also asserts that the Government in its opposition engaged in "misfeasance by expressly relying upon its assertion of privilege for document preservation instructions given by counsel as both a sword and a shield." Mot. at 2. *ACMI's argument is proper rebuttal to the Government's Opposition. Opp. at 34.*

- "ACMI also asserts that the Government in its opposition "belatedly asserts a privilege regarding documents and communications it had with

Mr. Walsh" and "continues to this day to secretly withhold correspondence with Mr. Walsh based on this privilege assertion." Mot. at 2. *ACMI's argument is proper rebuttal to the Government's Opposition. Opp. at 28, 33.*

- "ACMI asserts that documents relating to future determinations that the Court might make upon other matters not yet addressed by the parties or the Court, including the Government's remaining counterclaims and the reprocurement case, Fed. Cl. No. 06-867, have likely been destroyed." Mot. at 2. *See ACMI's Opening Memorandum at 38.*

Thus, the Government's Surreply is also improper because it does not address matters that are "truly new." *See, e.g., United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002) (holding that leave to file surreply will only be granted where the matter raised in the reply is "truly new" and does not involve simply a mischaracterization and citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)).

For all of the above reasons, ACMI respectfully requests that the Court grant ACMI's Motion Leave to file a Response to the Government's Surreply. ACMI also renews its request that the Court impose adverse inference and monetary sanctions upon the Government for its failure to preserve documents and the destruction of relevant documents.

Respectfully submitted,

s/ James D. Wareham

James D. Wareham
Attorney of Record for Plaintiff
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128

Date: February 15, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this 15th day of February 2008 I caused a copy of the foregoing Motion to be served by electronic mail (via ECF) upon counsel for the Defendant as follows:

Dominique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

Tracy L. Hilmer
Civil Division
U.S. Department of Justice
601 D Street, N.W.
P.O. Box 261 Ben Franklin Station
Washington, DC 20044

s/ Kirby D. Behre
Kirby Behre

LEGAL_US_E # 78154445.3