**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC.,<br>f/k/a Morse Diesel International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Case No. 99-279 and<br>consolidated cases<br>(Judge Braden) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO LIFT SEAL UPON MATTERS ADDRESSING FORMERLY SEALED PROCEEDINGS IN ANOTHER COURT**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC.,<br>f/k/a Morse Diesel International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 99-279 and<br>consolidated cases<br>(Judge Braden) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO LIFT SEAL UPON MATTERS ADDRESSING FORMERLY SEALED PROCEEDINGS IN ANOTHER COURT**

## I. INTRODUCTION

Plaintiff, AMEC Construction Management, Inc. ("ACMI"), f/k/a Morse Diesel International, Inc., respectfully submits this Opposition to the United States' Motion to Lift Seal Upon Matters Addressing Formerly Sealed Proceedings in Another Court. ACMI objects to the Government's Motion to lift the seal on the materials that the Government identifies in its Motion because on February 22, 2008 ACMI filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit from the orders issued in the United States District Court for the District of New Jersey involving those materials, including the New Jersey court's December 28, 2007 order lifting the seal on the case. Additionally, the materials that refer to ACMI's confidential financial information should remain under seal in this Court pursuant to this Court's May 11, 2000 Stipulation Governing Disclosure and use of Confidential Documents [docket # 36].

## II. BACKGROUND

As this Court is now aware, on May 24, 2007, the Government obtained an *ex parte* prejudgment attachment order from the United States District Court for the District of New Jersey in order to freeze ACMI's funds in the entire amount of the Government's alleged damages and penalties of $7,697,432.60 based on Case No. 99-279 pending in this Court.[1] ACMI filed a Motion to Quash the Order Granting Ex Parte Prejudgment Remedies, a Renewed Motion to Quash, and other papers objecting to the Government's motion in New Jersey to lift the seal on the proceedings in the New Jersey court.

As a result of the Government's actions in New Jersey, both parties filed certain pleadings that had been filed in New Jersey with this Court. Additionally, the sealed New Jersey action was discussed in the June 22, 2007 and November 14, 2007 Status Hearings in this Court. Now, the Government, having obtained an Order from the New Jersey court unsealing and closing the case, seeks to unseal certain documents filed under seal in this Court. On February 22, 2008, ACMI filed a Notice of Appeal of the December 28, 2007 Order of the New Jersey court with the United States Court of Appeals for the Third Circuit. ACMI's appeal includes a challenge to the ruling to unseal the records in the New Jersey action.

## III. ARGUMENT

Evidently, the Government's Motion concerns only three items on the Court's docket that are currently sealed: (1) the June 5, 2007 United States' Notice to the Court Regarding Prejudgment Writs of Garnishment and Sequestration Issued by the United States District Court for the District of New Jersey [docket # 268], which attached the May 24, 2007

---

[1] Initially, the Government obtained an overseizure of funds in excess of its alleged damages, but ACMI successfully obtained a reduction of the attachment from the court in New Jersey.

Order of the District Court for the District of New Jersey granting the Government's *Ex Parte* Application for Prejudgment Remedies and the transcript of the May 24, 2007 ex parte hearing held in the District Court for the District of New Jersey; (2) the June 22, 2007 transcript of a Status Hearing held in this Court [docket # 274]; and (3) the November 14, 2007 transcript of a Status Hearing held in this Court.

ACMI objects to the unsealing of any of those materials because the issue of the seal is being appealed by ACMI to the Third Circuit. Any unsealing by this Court of those materials may therefore injure ACMI's business and reputation unnecessarily if the Third Circuit rules in ACMI's favor on the seal issue or on the merits of the Government's *ex parte* prejudgment attachment. Additionally, ACMI's confidential financial data is protected by this Court's longstanding May 11, 2000 Stipulation Governing Disclosure and use of Confidential Documents. Further, other documents filed under seal in this Court should remain under seal for the same reasons.

**A. <u>Unsealing the Materials Identified in the Government's Motion Would Violate this Court's Stipulation Protecting ACMI's Confidential Data.</u>**

At the May 24, 2007 *ex parte* hearing in New Jersey, the Government made specific references to ACMI's confidential financial data from the year 2007. The Government actually filed that 2007 confidential financial data in the New Jersey court in violation of this Court's Stipulation. The Government's references to that confidential data are part of the May 24, 2007 hearing transcript that is attached to the June 5, 2007 United States' Notice to the Court Regarding Prejudgment Writs of Garnishment and Sequestration Issued by the United States District Court for the District of New Jersey [docket # 268], which the Government now seeks to unseal. As discussed below, those materials should remain under seal in this Court because the contents are protected by this Court's Stipulation governing ACMI's confidential financial data.

As a general matter, courts routinely protect sensitive commercial financial information from public disclosure. *See* RCFC Appendix C, Part III, para. 4.; *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Prior to the New Jersey court's December 28, 2007 order unsealing the records in New Jersey, the public did not have access to ACMI's March 2007 confidential financial data. The Government conceded in its initial April 27, 2007 *Ex Parte* Motion for Leave to File Under Seal and at the May 24, 2007 hearing that its Application and accompanying papers contained ACMI's account numbers and financial information, including financial information that had never been publicly disclosed such as ACMI's March 2007 financial update. Counsel from the Department of Justice said in the May 24, 2007 hearing: "this is a lot of their confidential financial information, and we didn't feel comfortable putting that out there." 05/24/07 Hearing Transcript at 10:6-12. Further, the Government's August 16, 2007 Motion to Lift the Temporary Seal advised the Magistrate Judge in New Jersey that the March 2007 data had never been publicly disclosed.

Indeed, the Government attached to its August 16, 2007 Motion to Lift Temporary Seal in the New Jersey court the Stipulation in force in the litigation before this Court governing confidential documents. The Stipulation "presently designate[d] as 'confidential'" non-public financial statements of ACMI and affiliated entities, "books of original entry, trial balances, general ledgers, job cost ledgers, payroll records, main office expense journals and ledgers, field office expense journals and ledgers, budget projections, anticipated cost reports, subcontractor histories, project profiles, monthly cost reports, and budget reports," as well as income tax returns, audit reports, and accounting reports. Stipulation at 1-2, ¶ 1. The Stipulation does not require either party to actually mark as confidential documents governed by the Stipulation precisely because the Stipulation automatically designated covered documents as

confidential. Stipulation at 1, ¶ 1 ("the documents that plaintiff *presently designates* as 'CONFIDENTIAL' pursuant to this Stipulation include the following.") (emphasis added). The Stipulation merely provides that a party should communicate to the opposing party whether a document automatically designated confidential by the terms of the Stipulation should continue to be treated as confidential when filed in court and to confer on the terms for presentation to the court:

> If any party intends to submit to the Court any documents subject to this stipulation, whether such document will come before the Court on interlocutory motions or at the time of trial, it shall be the responsibility of counsel intending to present the document to communicate with opposing counsel to determine whether the document should continue to be treated as confidential and to confer on the terms for presentation to the court. If counsel cannot agree, any dispute shall be submitted to the court for resolution. Counsel for the parties shall further be responsible for requesting that any final opinion issued publicly by the Court concerning information protected by this stipulation be issued in a redacted form, if required.

Stipulation at 2-3, ¶ 3.

Notably, the Government did not communicate with ACMI regarding filing ACMI's confidential financial information in its Ex Parte Application for Prejudgment Remedies in New Jersey as required by the Stipulation. The Government's submission of documents containing ACMI's financial information also violated paragraph four of the Stipulation, mandating that confidential documents should be used "solely for the purpose of this litigation," the litigation in the Court of Federal Claims. Stipulation at 3, ¶ 4. ACMI repeatedly advised the Government, the Magistrate Judge in New Jersey and the New Jersey court that the March 2007 report was confidential and contained confidential financial information. The Government did not bring before this Court or the New Jersey court the question of whether the March 2007 document should not be designated confidential as was its right under the Stipulation. *See*

Stipulation at 4, ¶ 8 ("This stipulation shall be without prejudice to the parties' rights to . . . bring before the Court the questions of whether any particular document identified as confidential is in fact proprietary or confidential, or otherwise privileged."). Instead, the Government conceded that the March 2007 was not publicly disclosed and contained ACMI's financial information in its April 27, 2007 Motion for Leave to File Under Seal, at the May 24, 2007 ex parte hearing, and in its August 16, 2007 Motion to Lift Temporary Seal in the New Jersey court. Nor did the Government ever seek any amendment to the Stipulation to provide for designation of covered documents by marking or other forms of identification. *See* Stipulation at 4, ¶ 8 ("Nothing herein will prejudice any party from seeking amendments to this stipulation."). ACMI contends that it was improper for the New Jersey court to *sua sponte* amend or overrule the Stipulation that was stipulated to by the parties and filed in this Court.

Although non-party AMEC plc publicly announced in 2004 that ACMI would wind up its operations, public disclosure of the *current* 2007 financial condition of ACMI would harm ACMI's continued business. For example, ACMI is in the process of resolving various matters with several clients. Public disclosure of ACMI's financial condition would provide those clients with confidential ACMI internal information that those clients would normally not be able to access. The clients could use that sensitive financial information, and the Government's accusations against ACMI in this action that ACMI is about to dispose of or assign assets and funds, in order to force ACMI to unfavorably settle those disputes and to gain other unfair business advantage. The risk of monetizable harm to ACMI in disclosing its confidential financial information clearly outweighs any public need for access to that information.

The sensitive financial information contained in the papers filed under seal in this action, including references to ACMI's March 2007 detailed financial information, warrant keeping the materials identified by the Government in its Motion under seal. It is now up to this Court to enforce the 2000 Stipulation to protect ACMI's confidential financial data from disclosure.

### B. **Additional Sealed Pleadings Not Identified in the Government's Motion to Lift the Seal Should Remain Under Seal.**

ACMI notes that an additional three pleadings filed with the Court are also under seal: (1) ACMI's June 26, 2007 Notice to the Court Regarding Motion to Quash Order Granting Ex Parte Application for Prejudgment Remedies in the United States District Court for the District of New Jersey, attaching 14 documents that were previously filed under seal in the New Jersey action [docket # 275]; (2) ACMI's November 27, 2007 Motion for Clarification of the Court's October 31, 2007 Opinion [docket # 295], the only part of which was sealed were portions of the sealed June 22, 2007 and November 14, 2007 Status Hearing transcripts; and (3) the United States' December 14, 2007 Response to Plaintiff's Motion for Clarification of the Court's October 31, 2007 Opinion [docket # 301], the only party of which was sealed were portions of the sealed November 14, 2007 Status Hearing transcript.

While those materials were not identified by the Government in its Motion as materials that it seeks to have unsealed, ACMI mentions them now to ensure that those materials remain under seal. Not only has the Government not made any motion to unseal those documents, the documents share the same confidential qualities as the other materials that the Government seeks to unseal and therefore should remain under seal for the same reasons.

## IV. CONCLUSION

For the foregoing reasons, ACMI respectfully requests that this Court deny the Government's Motion to Lift the Seal.

Respectfully submitted,

s/ James D. Wareham

James D. Wareham
Attorney of Record for Plaintiff
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128

Date: March 3, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this 3rd day of March 2008 I caused a copy of the foregoing Motion to be served by electronic mail (via ECF) upon counsel for the Defendant as follows:

Dominique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

Tracy L. Hilmer
Civil Division
U.S. Department of Justice
601 D Street, N.W.
P.O. Box 261 Ben Franklin Station
Washington, DC 20044

s/ Kirby D. Behre
Kirby Behre