**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC.,<br>f/k/a Morse Diesel International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 99-279 and<br>consolidated cases<br>(Judge Braden) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S SURREPLY TO PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS AND RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE DECLARATION**

Plaintiff, AMEC Construction Management, Inc. ("ACMI"), f/k/a Morse Diesel International, Inc., respectfully submits this Reply in Support of its Motion for Leave to file a Response to the United States' Surreply to ACMI's Reply in Support of its Motion for Spoliation Sanctions. Additionally, ACMI submits this as a Response to the United States' Motion for Leave to File Attached Declaration. For a second time, the Government seeks to have the last word in its unpersuasive last ditch attempt to rehabilitate its previously-designated expert John Walsh from his failure to retain documents relevant to this litigation. The Government's second effort to further prejudice ACMI in its briefing of the motion related to the Government's spoliation of documents should not be tolerated.

# I. ARGUMENT

## A. ACMI Should Be Granted Leave to File Its Response to the Government's Surreply.

The Government does not challenge the merits of ACMI's request for leave to file its Response to the Government's Surreply to ACMI's Motion for Spoliation Sanctions. In its February 29, 2008 Response, the Government does not address the underlying merits of ACMI's request for leave. Instead, the Government merely seeks leave to file another Declaration of John Walsh, its previously-designated expert. ACMI objects to the Government's request for leave to file this third Declaration from Mr. Walsh. As discussed in more detail below, the Government had repeated notice of ACMI's statements regarding Mr. Walsh's failure to retain notes he took while attending depositions of witnesses in this case in the three briefs ACMI filed relating to its Motion for Spoliation Sanctions. The Government certainly could have included its most recent statements from Mr. Walsh in the prior two declarations it submitted with its two previously-filed briefs regarding ACMI's Motion for Spoliation Sanctions.

The Government's strategic effort to get the last word is entirely inappropriate. *See, e.g., Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) ("Surreplies . . . are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters[.]"). Under this Court's rules, the movant is entitled to file the last pleading. RCFC 7.2.

## B. The Court Should Deny the Government Leave to File a Third Declaration from Mr. Walsh.

Attached to its Motion, the Government presents a third declaration from its previously-designated expert John Walsh. The Government submitted two prior declarations from Mr. Walsh during briefing of ACMI's Motion for Spoliation Sanctions: first, the

Government submitted a declaration from Mr. Walsh as an exhibit to its December 21, 2007 Opposition to Plaintiff's Motion for Spoliation Sanctions [docket #305]; second, the Government attached a declaration from Mr. Walsh as an exhibit its January 30, 2008 Surreply [docket #310]. Mr. Walsh's third declaration responds to nearly identical statements ACMI made in each of its three briefs supporting its Motion for Spoliation Sanctions regarding Mr. Walsh's failure to retain the notes he took when he attended numerous depositions of witnesses. Thus, the Government was on notice of ACMI's statements regarding Mr. Walsh's failure to retain his deposition notes and could easily have included any rebuttal to those statements in one or both of Mr. Walsh's previous declarations.

Specifically, in ACMI's November 14, 2007 opening Memorandum of Law in Support of its Motion for Spoliation Sanctions [docket #292], ACMI made no less than four statements regarding Mr. Walsh's destruction of his deposition notes, stating:

- Mr. Walsh also testified that he did not know if he had retained notes he took when attending "many depositions" of witnesses in the ACMI litigation. 11/14/07 Mem. at 11.
- Mr. Walsh evidently destroyed every other document and e-mail that did not meet his criteria for what he though was "important" to the case, including . . . and possibly handwritten notes of Mr. Walsh's interviews of Government and ACMI employees and subcontractors and notes taken in attendance at deposition in the case. 11/14/07 Mem. at 27.
- Mr. Walsh also does not know whether he retained his handwritten notes taken at the "many depositions" of witnesses he attended in connection with this dispute. 11/14/07 Mem. at 30.
- Mr. Walsh's audits, investigative notes and documents, notes from depositions, and e-mails relating to the case would all have provided insight into the Government's theories of fraud and damages and the facts that support those theories. 11/14/07 Mem. at 31.

Indeed, in its December 21, 2007 Opposition, the Government responds to ACMI's statements regarding Mr. Walsh's destruction of his deposition notes, stating "Notes taken by Mr. Walsh at the depositions of MDI witnesses in the course of this litigation . . . would be protected by the work product privilege and therefore not discoverable." 12/21/07 Opp. at 33. Mr. Walsh's December 20, 2007 declaration attached to that Opposition explicitly addressed his handwritten notes, but did not mention his deposition notes. ACMI's January 11, 2008 Reply in Support of its Motion for Spoliation Sanctions [docket #307], pointed out that Mr. Walsh's December 20, 2007 declaration did not state that he retained any of his deposition notes, and made several other statements about the significance of those notes:

- Mr. Walsh's notes taken while attending "many depositions" of witnesses in the ACMI litigation evidently were definitely destroyed, as they are not attached to his new declaration. As an expert witness, those notes are discoverable and should have been preserved and produced by the Government to ACMI. 01/11/08 Reply at 13-14.

- Additionally, Mr. Walsh's deposition notes are directly relevant to his expert reports because in his expert report Mr. Walsh expressly identified depositions of ACMI witnesses as information he relied on in forming his opinions. Accordingly, the Government's failure to require Mr. Walsh to preserve those notes warrants sanctions. 01/11/08 Reply at 14.

In response, the Government, in its January 30, 2008 Surreply, spent over a page addressing Mr. Walsh's failure to retain his deposition notes and attached a second declaration of Mr. Walsh dated January 28, 2008. 1/30/08 Surreply, at 10-11. Yet, Mr. Walsh's declaration did not contain any further details regarding those deposition notes.

ACMI's February 15, 2008 Response to Defendant's Surreply to ACMI's Motion for Spoliation Sanctions [docket #312], therefore, did not contain any new allegations regarding Mr. Walsh's destruction of his deposition notes. It has been clear from ACMI's prior two briefs on spoliation that ACMI viewed the deposition notes to be relevant to the litigation and relevant

to Mr. Walsh's expert report, and that those notes should have been retained by Mr. Walsh. After all, it was Mr. Walsh himself that listed the depositions as information on which he relied in forming his opinions. 01/11/07 ACMI Reply at 14 and 12/21/07 Govt. Opp. at A568, 579, 588, 596, 605, 613, 621.

As is clear from the discussion above, the Government had at least three occasions to submit further sworn statements from Mr. Walsh regarding his failure to retain his deposition notes. The issue had been raised in all three of ACMI's briefs regarding spoliation, and in both of the Government's briefs, and Mr. Walsh had already submitted two previous declarations. There is simply no rational reason, other than an attempt to gain an unfair advantage, for the Government to keep filing additional statements from its witness Mr. Walsh.

## II. CONCLUSION

For all of the above reasons, ACMI respectfully requests that the Court deny the Government Motion for Leave to File Attached Declaration. ACMI renews its request that the Court grant ACMI's Motion Leave to file a Response to the Government's Surreply. ACMI also renews its request that the Court impose adverse inference and monetary sanctions upon the Government for its failure to preserve documents and the destruction of relevant documents.

Respectfully submitted,

s/ James D. Wareham

James D. Wareham
Attorney of Record for Plaintiff
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728; Fax: 202-551-0128

Date: March 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this 10th day of March, 2008 I caused a copy of the foregoing Motion to be served by electronic mail (via ECF) upon counsel for the Defendant as follows:

Dominique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

Tracy L. Hilmer
Civil Division
U.S. Department of Justice
601 D Street, N.W.
P.O. Box 261 Ben Franklin Station
Washington, DC 20044

s/ Kirby D. Behre
Kirby Behre

LEGAL_US_E # 78500641.2