IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MORSE DIESEL INTERNATIONAL, INC. d/b/a AMEC CONSTRUCTION MANAGEMENT, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 99-279C and consolidated cases

(Judge Braden)

**UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO LIFT SEAL UPON MATTERS ADDRESSING FORMERLY SEALED PROCEEDINGS IN ANOTHER COURT**

Defendant, the United States, respectfully submits this reply in support of our motion to lift the seal upon matters addressing formerly sealed proceedings in another court. In our motion, we respectfully requested that the Court lift the seal upon the Notice and attachments filed by the United States on June 5, 2007 (docket number 268), the June 22, 2007 transcript of a status conference (docket number 274), and the November 14, 2007 transcript of a status conference. Plaintiff AMEC Construction Management, Inc. ("ACMI"), having been denied a permanent seal upon the proceedings in the United States District Court for the District of New Jersey, now attempts a collateral attack in this Court upon the district court's ruling. ACMI's argument to retain the seal upon the papers identified in our February 15, 2008 motion is without legal or factual support and should be rejected.

1. The United States has asked the Court to lift the seal upon materials filed in this Court that relate to the United States' application in the district court for prejudgment relief pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 et seq. (the

"FDCPA"). The materials that the United States seeks to unseal here either are already on the public record of the district court or simply refer to the existence of the now-unsealed proceedings in that court.

2. ACMI contends, without basis, that the United States somehow violated the May 2000 confidentiality stipulation (docket number 36) (attached) by filing financial information of ACMI in the district court without first consulting ACMI. But nothing in the stipulation purports to preclude the United States from exercising its statutory authority under the FDCPA to present relevant information to a district court with jurisdiction to aid in the enforcement of this Court's lawful summary judgment rulings. Indeed, ex parte applications are permitted and expressly contemplated by the FDCPA. See NLRB v. E.D.P. Medical Computer Systems, Inc., 6 F.3d 951, 955-56 (2d Cir. 1993) (holding the district court did not violate a debtor's due process rights by issuing a prejudgment writ of garnishment before giving the debtor an opportunity to be heard).

The FDCPA provides in pertinent part:

> At such time as counsel for the United States considers appropriate, but not later than the time a prejudgment remedy is put into effect under this chapter, counsel for the United States shall exercise reasonable diligence to serve on the debtor. . . a copy of the application for such remedy, the order granting such remedy, and the notice required by section 3101(d) . . . .

28 U.S.C. § 3004(c). This provision exists so that debtors will not be tipped off and have the opportunity to move assets before a writ can be put into effect. Placing the matter temporarily under seal, as the district court properly did in this case, ensures that objective and is particularly appropriate in the electronic era, since notifications of court filings often are transmitted immediately once the matter or filing has been docketed by the clerk's office.

ACMI does not say how the United States could possibly have violated the confidentiality stipulation by filing all potentially confidential materials under seal in the district court. In filing the materials under seal, the United States took appropriate steps to protect the information until ACMI had the opportunity to address the district court regarding what it believed should be maintained under seal. ACMI does not say what more was required of the United States, and indeed, nothing more was required. As noted above, the United States had no obligation to seek ACMI's consent before exercising its authority to seek the relief afforded by the FDCPA in defense of the public fisc. Further, the United States did not contest ACMI's argument in the district court that its 2006 financial data was non-public and should remain under seal. All of these issues were presented to the district court – under seal – and ACMI made the same arguments in the district court about the confidentiality stipulation that it makes now in this Court. ACMI's arguments were necessarily rejected by the district court when it issued its December 27, 2007 order. The district court affirmed a magistrate judge's determination that those materials did not meet the standard for material to remain under seal and, accordingly, directed that the material be unsealed and placed upon the public record.

ACMI never sought "enforcement" of the confidentiality stipulation in this Court throughout the time period in which the FDCPA proceedings were being litigated. Its attempt to do so now – in an opposition brief – is no more than an ineffectual collateral attack upon the district court's rulings. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n. 9 (1982) (a prior judgment may not be collaterally attacked); Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376 (1940) (same). This Court should reject ACMI's belated and groundless arguments about the scope of the confidentiality stipulation.

3. ACMI's insistence upon retaining the seal over the materials relating to the district court proceeding that have been filed on this Court's docket is moot, since those materials are already on the public record in the district court. While the "well-recognized axiom that there is a common law right of public access to judicial records," Black v. United States, 24 Cl. Ct. 461, 463-64 (1991) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)), may not be absolute, the Court's discretion to place material under seal "is nevertheless circumscribed by the presumption that 'the public shall have access absent a compelling justification.'" Black, 24 Cl. Ct. at 464 (emphasis in original) (citing Pratt & Whitney Canada, Inc. v. United States, 14 Cl. Ct. 268, 274 (1988)). Accord Crane Helicopter Services, Inc. v. United States, 56 Fed. Cl. 313, 322 (2003); Miller-Holzwarth, Inc. v. United States, 44 Fed. Cl. 153, 154 (1999) (harm to reputation is insufficient to keep material under seal). The district court has already determined that, with the exception of bank account numbers, the materials filed in the FDCPA proceeding did not meet this heavy standard. There is even less justification for maintaining the seal upon the FDCPA filings in this Court (Docket Number 268), now that they are already available to the public in the District of New Jersey.

That ACMI has filed an appeal challenging the district court's ruling is of no moment because ACMI did not seek a stay pending the Third Circuit's ruling on its appeal. In any event, it is difficult to see how ACMI could demonstrate any "irreparable harm" required to obtain a stay, when the allegedly confidential financial information is already more than a year old and,

presumably, stale.[1] Further, ACMI itself had placed similar information on the public record in this Court in the Joint Stipulation filed by the parties in November 2005 (docket number 238).

4. In the December 27, 2007 order, the district court directed the United States to redact any ACMI account numbers appearing in the materials filed in the FDCPA proceeding. After consulting with counsel for ACMI as to the specific redactions to be made, the United States complied with the district court's order. Significantly, none of the materials that the United States filed in redacted form in the district court are among those that the United States seeks to have unsealed in this Court. Rather, the United States has asked this Court to unseal the district court's May 24, 2007 order granting the writs and the transcript of the ex parte hearing held by the district court on May 24, 2007 in connection with granting the writs (docket number 268), as well as the transcripts of status conferences held by this Court in which reference was made to the then-sealed district court proceedings (docket number 274). ACMI has not identified any particular material that it believes should be redacted in these materials, but rather broadly asserts that this Court should, in effect, ignore both the district court's December 27, 2007 ruling

[1] See Hilton v. Braunskill, 481 U.S. 770 (1987) (articulating standard for stay pending appeal under Fed. R. App. 8); Republic of Phillipines v. Westinghouse Elec. Corp., 949 F.2d 653 (3d Cir. 1991) (following Hilton). As set forth in Hilton, a court addressing an application for a stay pending appeal must consider four factors: (1) whether the applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton, 481 U.S. at 777 (cited in Westinghouse, 949 F.2d at 658. With a public record including two criminal convictions and civil summary judgment findings of fraud, false claims and kickbacks against the United States, as well as a proclamation by its foreign parent company that ACMI would be closed by the end of 2007, it is doubtful that ACMI could demonstrate that any of the stay factors weigh in its favor. In any event, it has not attempted to make such a claim in the district court or the Third Circuit and, accordingly, its arguments about the effect of the appeal should be given no consideration by this Court.

and the result of that ruling in placing the FDCPA proceeding on the public record. ACMI cites no authority for such a request, and this Court should deny it.

Accordingly, the United States respectfully requests that this Court lift the seal upon the Notice and attachments filed by the United States on June 5, 2007 (docket number 268), the June 22, 2007 transcript (docket number 274), and the November 14, 2007 transcript.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
JOYCE R. BRANDA
Directors

PATRICIA R. DAVIS
Assistant Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Fax: (202) 514-8624
Attorneys for Defendant

Of Counsel:

Tracy L. Hilmer
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice

Eric L. Miller
Office of the Inspector General
General Services Administration

Catherine Crow
General Services Administration

March 14, 2008

Peckar & Abramson
A Professional Corporation
Attorneys & Counselors at Law

70 Grand Avenue
River Edge, NJ 07661-1934
(201) 343-3434
Fax (201) 343-6306

1185 Avenue of the Americas
New York, NY 10036
(212) 382-0909
Fax (212) 382-3456

601 Montgomery Street
Suite 325
San Francisco, CA 94111
(415) 837-1968
Fax (415) 837-1320

Robert S. Peckar
*Partner*

May 8, 2000

Clerk
US Court of Federal Claims
717 Madison Place, NW
Room 103
Washington, DC 20005

**Re: Morse Diesel International, Inc. v.**
**United States of America**
**Case No. 99-279C, 99-529C and 99-530C**
**Our File: 0638/86620**

Dear Sir or Madam:

Enclosed please find an original and two copies of Stipulation Governing Disclosure and Use of Confidential Documents. Please return a stamped "filed" copy in the enclosed self-addressed stamped envelope.

Should you have any questions, please contact my office.

Very truly yours,

Robert S. Peckar /dt
ROBERT S. PECKAR

RSP:drt
Enclosure

cc: Domenique Kirchner, Esq. w/enclosures
John Onnembo, Esq. w/enclosures
Ms. Anita Bernstein w/enclosures

61436.01/05/08/00

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MORSE DIESEL INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 99-279C, 99-529C |
| | ) | 99-530C |
| UNITED STATES, | ) | (Chief Judge Smith) |
| | ) | |
| Defendant. | ) | |

STIPULATION GOVERNING DISCLOSURE AND USE OF CONFIDENTIAL DOCUMENTS

The parties to this stipulation, through their respective attorneys, agree as follows:

1. This stipulation governs the handling of documents designated by counsel for the parties as confidential. The documents that plaintiff presently designates as "CONFIDENTIAL" pursuant to this Stipulation include the following:

a. Any non-public financial statement of Morse Diesel International, Inc., Morse Diesel International, a joint venture, Amec, p.l.c., any other entity that is owned or controlled by, or owns or controls any of the foregoing and/or any association or joint venture among or between any of the foregoing and CMR Construction, Inc.(hereafter the "MDI Entities");

b. Any of the MDI Entities' income tax returns, including drafts and work papers related to the preparation of the MDI Entities' income tax returns;

c. The MDI Entities' books of original entry, trial balances, general ledgers, job cost ledgers, payroll records, main office expense journals and ledgers, field office expense journals and ledgers, budget projections, anticipated cost reports, subcontractor histories, project profiles, monthly cost reports and budget reports;

d. The audit reports and accounting reports prepared by any MDI Entities or their accountants, and any drafts or work papers related to the preparation of the audit reports and accounting reports.

2. Confidential documents covered by this stipulation may be disclosed only to: (a) the Court and its personnel, when such material is filed or introduced into evidence; (b) counsel of record for the parties to this action and the supervisory attorneys, associate attorneys, law clerks, legal assistants, and clerical personnel who are assigned to and necessary to assist such counsel in this litigation; (c) any persons employed by the General Services Administration solely to the extent necessary for the litigation of this action; and (d) any person who is retained by an attorney of record as a consultant, or a witness whose advice or testimony reasonably relates to the document being disclosed.

3. If any party intends to submit to the Court any document subject to this stipulation, whether such document will

come before the Court on interlocutory motions or at the time of trial, it shall be the responsibility of counsel intending to present the document to communicate with opposing counsel to determine whether the document should continue to be treated as confidential and to confer on the terms for presentation to the court. If counsel cannot agree, any dispute shall be submitted to the court for resolution. Counsel for the parties shall further be responsible for requesting that any final opinion issued publicly by the Court concerning information protected by this stipulation be issued in a redacted form, if required.

4. All such persons afforded access to Confidential documents under this stipulation shall use them solely for the purpose of this litigation, and they shall not be given, shown, made available, discussed or otherwise communicated in any form to persons to whom disclosure is not authorized herein. It shall be the responsibility of counsel to bring this stipulation to the attention of all persons to whom it discloses Confidential material and to advise such persons that they are bound by the terms of this stipulation. Persons to whom Confidential documents are made available are bound by the restrictions in this stipulation. All such persons shall take reasonable precautions to keep such Confidential documents secure in accordance with the purposes and intent of this stipulation.

5. Prior to being provided access to documents covered by this stipulation, each person, with the exception of those persons described in paragraphs 2 (a) and 2 (b) above, shall execute an undertaking to be bound by this stipulation. Counsel for the parties shall retain the signed undertakings.

6. The provisions of this Stipulation shall apply with equal force to any copies, excerpts, abstracts and information derived from of any of the Confidential documents.

7. Upon request by MDI, all Confidential documents and any copies or excerpts thereof shall be returned to MDI after the conclusion of this litigation, which shall be understood to include any appeals or other actions related to this litigation in which the Government is a party. Counsel for the parties may maintain a complete copy of all documents filed with the court.

8. This stipulation shall be without prejudice to the parties' rights to designate additional documents as "CONFIDENTIAL" and to the parties' rights to bring before the Court the questions of whether any particular document identified as confidential is in fact proprietary or confidential, or otherwise privileged. Nothing herein will prejudice any party from seeking amendments to this stipulation.

DAVID W. OGDEN
Acting Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN, JR.
Assistant Director

ROBERT PECKAR
PATRICK J. GREENE, JR.
Peckar & Abramson
70 Grand Ave.
River Edge, N.J. 07661-1934
Tele. (203) 498-4400
Attorneys for Plaintiff
Dated:

DOMENIQUE KIRSHNER
JEFFERY D. STACEY
Attorneys
Civil Division
Department of Justice
Attention: Classification Unit
1100 L. St. N.W.
Washington, D.C. 20530
Tele: (202) 616-0539
Attorneys for the Defendant
Dated: