# In the United States Court of Federal Claims

No. 99-279C
(With Which Nos. 99-529C, 99-530C, 00-531C, 03-1537C, 05-804C, 06-173C, 06-174C, 06-175C, 06-176C, 06-177C, 06-178C, 06-179C, 06-180C, and 06-181C Are Consolidated)
Filed: March 18, 2008
**TO BE PUBLISHED**

****************************************

MORSE DIESEL INTERNATIONAL, INC., d/b/a AMEC CONSTRUCTION MANAGEMENT, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

****************************************

Judicial Records;
Public Records.

**James D. Wareham**, Paul, Hastings, Janofsky & Walker LLP, Washington, D.C., counsel for Plaintiff.

**Domenique Grace Kirchner**, United States Department of Justice, Washington, D.C., counsel for Defendant.

## ORDER

On June 6, 2007, the Government filed a Notice To The Court Regarding Prejudgment Writs Of Garnishment And Sequestration, Issued By The United States District Court For the District Of New Jersey. The Notice and attached documents were filed under seal, pursuant to the Government's June 4, 2007 Unopposed Motion For Leave To File Under Seal. On February 18, 2008, the Government filed a Motion To Lift Seal Upon Matters Addressing Formerly Sealed Proceedings In Another Court ("Gov't Mot."). The Government argues that the seal should be lifted, because the documents at issue in the United States District Court for the District of New Jersey are no longer under seal. *See* Gov't Mot. at 1. On March 3, 2008, Plaintiff's filed a Motion Opposing the Government's February 18, 2008 Motion To Lift Seal ("Pl. Op."). Plaintiff's have advised the court that an appeal of the United States District Court's ruling to unseal the records has been filed with the United States Court of Appeals for the Third Circuit. *See* Pl. Op. at 2. On March 14, 2008, the Government filed a Reply to Plaintiff's Opposition ("Gov't Reply") arguing that the

aforementioned documents should not remain under seal "absent a compelling justification." Gov't Reply at 4 (quoting *Black* v. *United States*, 24 Cl. Ct. 461, 464 (1991)) (citation omitted).

The United States Supreme Court has held that "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon* v. *Warner Communications*, 435 U.S. 589, 597 (1978) (citations omitted). Whether and when such documents should be disclosed, however, it is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599; *see also id.* at 598 ("[T]he right to inspect and copy judicial records is not absolute."). In this case, the documents at issue initially were filed under seal by agreement of the parties. The United States District Court for the District of New Jersey's decision now to place these documents in the public domain, does not require the court to lift the seal in this case. Moreover, Plaintiff's have appealed that decision and represented that unsealing the record in this case regarding these documents will cause Plaintiff harm. *See* Pl. Op. at 6 ("public disclosure . . . would harm ACMI's continued business").

The court ascertains no compelling reason why the seal in this case should be lifted at this time, particularly in light of the pending appeal in the United States Court of Appeals for the Third Circuit. The Government's February 18, 2008 Motion is denied

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**