# In the United States Court of Federal Claims

No. 99-279C
(With Which Nos. 99-529C, 99-530C, 00-531C, 03-1537C, 05-804C, 06-173C, 06-174C, 06-175C, 06-176C, 06-177C, 06-178C, 06-179C, 06-180C, and 06-181C Are Consolidated)
Filed: March 19, 2008
TO BE PUBLISHED

****************************************

MORSE DIESEL INTERNATIONAL, INC., d/b/a AMEC CONSTRUCTION MANAGEMENT, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

****************************************

Motion for Clarification;
Motion for Reconsideration;
RCFC 59(b);
RCFC 60(a),(b).

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S NOVEMBER 27, 2007 MOTION FOR CLARIFICATION**

On October 31, 2007, the court issued a Memorandum Opinion and Order granting the Government's May 18, 2007 Motion for Partial Summary Judgment and awarding the Government $259,457.04, under the Anti-Kickback Act, and $7,022,666, under the False Claims Act, for a total of $7,282,123. *See Morse Diesel Int'l, Inc.* v. *United States*, 79 Fed. Cl. 116, 129 (2007).

On November 27, 2007, Plaintiff filed a Motion for Clarification of the Court's October 31, 2007 Opinion ("Pl. Mot.")[1] requesting a ruling: (1) on Plaintiff's due process challenge to the

---

[1] Pursuant to RCFC 60(a), the court may correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission[.]" In addition, RCFC 60(b) allows the court to:

> relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

Government's Forfeiture of Fraudulent Claims Act Counterclaim; (2) that the Government waived all remaining counterclaims, except the Contract Disputes Act (Ninth Counterclaim); and (3) that the court's damage award was improper. *See* Pl. Mot. at 1.

Plaintiff elected not to argue that the Government's Forfeiture of Fraudulent Claims Act Counterclaim violated the Due Process Clause of the United States Constitution on Summary Judgment. *See* Plaintiff's June 15, 2007 Opposition To Government's Motion For Summary Judgment On Damages at 7-10. The court, however, considered and rejected Plaintiff's Due Process arguments regarding the False Claims Act, raised in the briefing. *See Morse Diesel Int'l*, 79 Fed. Cl. at 126-28 ("Accordingly, the court has determined that an award of maximum civil penalties and treble damages under the False Claims Act, in this case, does not violate the Due Process Clause.") (citation omitted). No further clarification is necessary.

Plaintiff's remaining requests are not properly raised in a Motion for Clarification, pursuant to RCFC 60(b), but more properly are considered under a Motion for Reconsideration. *See* RCFC 59(a); *see also Pacific Gas & Electric Co.* v. *United States*, 58 Fed. Cl. 1, 2 (2003) (determining that reconsideration under RCFC 59(a) is appropriate when the movant establishes a "manifest error of law or mistake of fact"). Pursuant to RCFC 59(a), the movant must show that: (1) an intervening change in the controlling law has occurred; (2) previously unavailable evidence is now available; or (3) the motion is necessary to prevent manifest injustice. *See Fru-Con Constr. Corp.* v. *United States*, 44 Fed. Cl. 298, 301 (1999); *see also Lamle* v. *Mattel, Inc.*, 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005) (holding that an issue was waived when first raised on a motion for reconsideration). A decision to grant a motion for reconsideration lies within the sound discretion of the court. *See Yuba Natural Res., Inc.* v. *United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) ("The decision whether to grant reconsideration lies largely within the discretion of the district court.") (citations omitted); *see also Durango Assocs., Inc.* v. *Reflange, Inc.,* 912 F.2d 1423, 1424 (Fed. Cir. 1990) (observing that a trial court may deny a motion for reconsideration, without issuing an opinion).

The court has reviewed and considered Plaintiff's November 27, 2007 Motion. Plaintiff has failed to satisfy any of the three legitimate bases for reconsideration. Accordingly, the Plaintiff's November 27, 2007 Motion is denied.

**IT IS SO ORDERED.**

/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

> satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

RCFC 60(b).