# In the United States Court of Federal Claims

No. 99-279C
(Consolidated With No. 99-529C, 99-530C, 00-531C, 03-1537C)
Filed April 7, 2008
**TO BE PUBLISHED**

| | | |
|---|---|---|
| MORSE DIESEL INTERNATIONAL, INC., d/b/a AMEC CONSTRUCTION MANAGEMENT, INC., Plaintiff, v. THE UNITED STATES, Defendant. | * | Discovery; Inherent Authority; Spoliation of Evidence; RCFC 37. |

**James D. Wareham**, Paul Hastings, Janofsky & Walker LLP, Washington, D.C., counsel for Plaintiff.

**Domenique Grace Kirchner**, United States Department of Justice, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**BRADEN, *Judge*.**

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY.

On October 31, 2007, the court issued a Memorandum Opinion and Order granting the Government's May 18, 2007 Motion for Partial Summary Judgment and awarding the Government $259,457.04, under the Anti-Kickback Act, and $7,022,666, under the False Claims Act, for a total of $7,282,123. *See Morse Diesel Int'l, Inc.* v. *United States*, 79 Fed. Cl. 116, 129 (2007).[1] On

[1] A more complete history of this litigation can be found in: the July 15, 2005 Memorandum Opinion in *Morse Diesel Int'l, Inc.* v. *United States*, 66 Fed. Cl. 788 (2005) (determining that Plaintiff's progress payment application for performance and payment of bond premiums and certificates for four federal contracts violated the Anti-Kickback Act); the February 1, 2006 Memorandum Opinion in *Morse Diesel Int'l, Inc*. v. *United States*, 69 Fed. Cl. 558 (2006) (granting the Government's motion to transfer certain General Services Board of Contracting Appeals cases); the January 26, 2007 Memorandum Opinion in *Morse Diesel Int'l, Inc.* v. *United States*, 74 Fed. Cl.

November 14, 2007, Plaintiff filed a Motion For Spoliation Sanctions ("Pl. Mot."), together with a Memorandum Of Law In Support Of Plaintiff's Motion For Spoliation Sanctions ("Pl. Mem.") and ten Exhibits requesting the court to "impose sanctions upon the Government for the Government's abject failure" to preserve relevant documents. *See* Pl. Mot. at 1.

On December 26, 2007, the Government filed an Opposition To Plaintiff's Motion For Spoliation Sanctions ("Gov't Op.") together with an Appendix ("A __"). On January 11, 2008, Plaintiff filed a Reply and three Exhibits. On January 30, 2008, the Government filed a Motion For Leave To File A Surreply. On February 1, 2008, the court granted the Government's Motion and the Government filed a Surreply on the same day. On February 15, 2008, Plaintiff filed a Motion For Leave To File Plaintiff's Response To The Government's Surreply. On February 29, 2008, the Government Filed a Motion For Leave To File Declaration Of John Walsh And Response To Plaintiff's February 15, 2008 Motion. On March 10, 2008, Plaintiff filed a Reply. On March 11, 2008, the court granted Plaintiff's February 15, 2008 Motion For Leave To File A Response To The Government's Surreply and denied the Government's February 29, 2008 Motion For Leave To File Declaration Of John Walsh. Plaintiff filed a Response To The Government's February 1, 2008 Surreply on the same day.

## II. DISCUSSION.

Plaintiff argues that General Services Administration Office of Inspector General Audit Manager John Walsh, who is a "critical fact witness and the Government's damages expert," destroyed documents relating to the pending litigation, because the Government failed to inform him that certain documents must be preserved in anticipation of litigation. *See* Pl. Mem. at 13-14, 17.

"Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *United Med. Supply Co.* v. *United States*, 77 Fed. Cl. 257, 263 (2007) (quoting *West* v. *Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)) (citation omitted). The court has authority to impose spoliation sanctions based on the "inherent power to control the judicial process and litigation" or based on Rule of the Court of Federal Claims 37, when "the spoliation violates a specific court order or disrupts the court's discovery regime." *Id.* at 263-64 (citations omitted); *see also Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 45 (1991) (observing that federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process."). Accordingly, it is well established that a trial court "has broad discretion in fashioning an appropriate sanction, including the discretion to delay the start of a trial, . . . to declare a mistrial if trial has

---

601 (2007) (determining that Plaintiff violated the False Claims Act on six occasions), *as revised*, *Morse Diesel Int'l, Inc.* v. *United States*, No. 99-279C, slip. op. (Fed. Cl. June 29, 2007); and the October 31, 2007 Memorandum Opinion in *Morse Diesel Int'l, Inc.* v. *United States*, 79 Fed. Cl. 116 (2007) (awarding the Government damages under the Anti-Kickback Act and False Claims Act).

already commenced, or to proceed with a trial and give an adverse inference instruction." *Residential Funding Corp.* v. *DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted). If a court imposes sanctions, the they should be designed to:

> (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.

*West*, 167 F.3d at 779 (quotations omitted).

Plaintiff asks the court to impose an adverse inference sanction on the Government for failing to preserve evidence, reverse the ruling in *Morse Diesel Int'l, Inc.*, 79 Fed. Cl. 116, or adopt Plaintiff's damages theory. *See* Pl. Mem. at 17-18, 31; *see also Schmid* v. *Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994) ("Such evidence permitted an inference, the 'spoliation inference,' that the destroyed evidence would have been unfavorable to the position of the offending party."). The United States Court of Appeals for the Federal Circuit has held that an adverse inference is appropriate when:

> [E]vidence has been destroyed and "(1) . . . the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) . . . the records were destroyed with a culpable state of mind; and (3) . . . the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."

*Jandreau* v. *Nicholson*, 492 F.3d 1372, 1375 (Fed. Cir. 2007) (quoting *Residential Funding Corp.*, 306 F.3d at 107). The burden of establishing each element is on the party seeking an adverse inference. *Id.*

In this case, even assuming, *arguendo*, that the Government improperly handled evidence, the court has determined that the evidence at question is not "relevant to the [Plaintiff's] claim or defense."

> The court . . . rejects Plaintiff's protestations of prejudice, because a GSA auditor corrected his initial deposition testimony by admitting that unknowingly he may have destroyed draft reports and e-mails concerning assessments of damages that he provided to Government counsel. . . . Aside from the fact that these documents may have been subject to deliberative process and/or attorney-client privileges, *Mr. Walsh's views about damages were not considered by the court, as they are irrelevant*.

*Morse Diesel Int'l, Inc.*, 79 Fed. Cl. at 125 n.8. (emphasis added). Therefore, Plaintiff has not met the burden of establishing the elements allowing the court to impose an adverse inference.

In addition, Plaintiff has deposed Mr. Walsh on five separate occasions since the beginning of this litigation. *See* A32-37 (Aug. 3, 1999); A80-131 (May 16-17, 2002); A383-97 (May 29, 2002); A401 (May 4, 2007); A503-04, 520-21 (Aug. 29, 2007). On August 10, 2007, the court informed the parties that counsel may supplement the briefing with Mr. Walsh's August 29, 2007 deposition testimony, but the court was not planning to delay the next stage of litigation. *See* 8/10/07 TR at 10. On September 17, 2007, the court informed the parties that it planned to rule on the pending summary judgment motion and the parties did not object. *See* 9/17/07 TR at 7-8. Moreover, between the final deposition of Mr. Walsh on August 29, 2007 and the court's October 31, 2007 Memorandum Opinion and Order, Plaintiff failed to file a motion regarding spoliation sanctions. Instead, Plaintiff decided to wait until *after* the court ruled on the Government's May 18, 2007 Motion For Partial Summary Judgment. Therefore, the court also views Plaintiff's November 14, 2007 Motion For Spoliation Sanctions as untimely.

Finally, Plaintiff seeks sanctions under the court's inherent authority. *See* Pl. Mem. at 15 ("The instant motion seeks sanctions under the [c]ourt's inherent authority because there is no discovery order currently at issue in the case."). As the United States Supreme Court instructed: "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44; *see also Roadway Express, Inc.* v. *Piper*, 447 U.S. 752, 764 (1980) ("Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion.") (citation omitted). Therefore, the court should "construct spoliation sanctions that are narrowly tailored to the abuses revealed." *United Med. Supply Co.*, 77 Fed. Cl. at 270. In light of Plaintiff's failure to demonstrate the destruction of any relevant evidence and the delay in filing this motion, the court declines to sanction the Government.

## III. CONCLUSION.

For these reasons, Plaintiff's November 14, 2007 Motion For Spoliation Sanctions is denied.

**IT IS SO ORDERED**.

**s/ Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**